In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1386

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAVID P. FOLEY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 11-CR-264 — **J. P. Stadtmueller**, *Judge.*

ARGUED SEPTEMBER 9, 2013 — DECIDED JANUARY 22, 2014

Before POSNER, ROVNER, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* David Phillip Foley was convicted
by a jury in the Eastern District of Wisconsin on three counts
of producing child pornography, one count of distributing
child pornography, one count of taking a child across state
lines for the purpose of a sex act, and one count of possessing
child pornography. Foley appeals his convictions. He argues
first that the district court erred in denying his post-trial
motion for acquittal on the production charges because the

government's evidence failed to satisfy the commerce element of those charges. He also argues that the district court improperly admitted evidence of a prior sexual assault under Federal Rule of Evidence 413, causing unfair prejudice and denying him a fair trial as to all charges. We affirm the district court's judgment.

I.  *Commerce Element*

After his trial and guilty verdict, Foley filed a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29 challenging the sufficiency of the evidence on the production counts. To convict Foley, the government was required to prove that Foley used "material that had been mailed, shipped, or transported in or affecting interstate or foreign commerce" to produce images of child pornography. 18 U.S.C. § 2251(a). At trial, the government introduced two computer hard drives containing pornographic images and videos. One hard drive had been manufactured in Thailand and the other in China. Both were seized from computers in Foley's apartment during the execution of a search warrant.

The FBI and police had obtained the search warrant after Foley mailed a DVD containing child pornography to a television reporter in an apparent attempt to frame his landlord on possession charges. Foley also met with a private investigator, made allegations against his landlord, and handed over a laptop computer that his landlord supposedly had left behind at Foley's barber shop. A file on the laptop contained several videos and hundreds of still images of child pornography. The government presented testimony that Foley had in fact purchased the computer shortly before turning it

over to the investigator. An FBI forensic investigator found that the images on the DVD that Foley sent to the reporter and the images on the hard drive of the laptop Foley turned over to the investigator were similar to the images found on Foley's computers after the execution of the search. Foley appears in at least one of the videos. He can be seen touching a minor's genitals and adjusting the angle of the camera. (To differentiate this victim from another minor who testified against Foley, we will refer to the unfortunate subject of Foley's videography as "Minor Male A.") Minor Male A testified at trial and corroborated the photographed and videotaped incidents.

The production of child pornography is a federal crime under 18 U.S.C. § 2251(a). A person commits this crime if, in relevant part, he "employs, uses, persuades, induces, entices or coerces any minor to engage in … any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." The statute also contains a commerce element. That element requires the government to show either that the images traveled in, or that the defendant knew the images would travel in, interstate or foreign commerce, or that any material used to produce the images traveled in interstate or foreign commerce. *Id*. Here, the government attempted to prove its case under the third route by proving that the visual depictions of Minor Male A engaging in sexual conduct were "produced … using materials that [had] been mailed, shipped, or transported in or affecting interstate or foreign commerce." *Id*. The government argues that the "materials" Foley used were the Thai- and Chinese-manufactured hard drives.

There is no doubt that the hard drives were manufactured in other countries and thus that they had traveled in foreign

commerce. Foley argues, however, that the hard drives were insufficient to meet the prosecution's burden of proof on the commerce element of the production charges because he had not "produced" the images using the hard drives. His theory is that he produced the images using only a camera and that later transfers of the images to the hard drives were not part of the production process. Foley insists that the government was required to prove that the camera he used to create the pornographic images of Minor Male A had traveled in foreign or interstate commerce. Because the government had not offered evidence concerning the unknown camera, he moved for acquittal. The district court denied his motion, and Foley appeals.

We review *de novo* the district court's denial of Foley's motion for acquittal. *United States v. White*, 737 F.3d 1121, 1129 (7th Cir. 2013). In considering challenges to the sufficiency of the evidence, we "view the evidence in the light most favorable to the prosecution," and then "ask whether any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." *United States v. Boender*, 649 F.3d 650, 654 (7th Cir. 2011). We conclude that the government presented sufficient evidence from which the jury could find that Foley's hard drives were materials used in producing the child pornography and that the commerce element was therefore satisfied.

For purposes of child pornography crimes, "producing" is defined in 18 U.S.C. § 2256(3) as "producing, directing, manufacturing, issuing, publishing, or advertising." Although the statutory definition serves as a guidepost, it does not fully resolve the question before us. Foley argues that "producing"

should be interpreted narrowly, limited to the exact moment in time when the visual depiction of the child is first captured on film or digital medium. Under Foley's interpretation, the government could satisfy the commerce element only by proving that the means of that capture—the camera—had traveled in interstate or foreign commerce.

We view the issue as whether a jury could find that storage of a visual image for later retrieval is part of the process of "producting" under the statutory definition. The answer is yes. Our decision in *United States v. Angle*, 234 F.3d 326, 340–41 (7th Cir. 2000), is not controlling but is instructive. Defendant Angle challenged his conviction for possession of child pornography based on the sufficiency of the government's evidence on the commerce element. The government had introduced as evidence the computer diskettes and zip disks onto which Angle had copied pornographic images. The diskettes had been manufactured out of state and then transported in interstate commerce. Angle argued for a narrow interpretation of the word "producing" under which the diskettes, as storage devices onto which he had copied the pornographic images, were insufficient proof that the images had been "produced" using the diskettes. We disagreed. We found that Angle's interpretation would "essentially render[] meaningless the statutory definition of 'producing'" and that copying images can be part of the production process. *Id*. at 341. Images may be "produced" when pieces of computer equipment, "including computer diskettes, are used to copy the depictions onto the diskettes that have traveled in interstate commerce." *Angle*, 234 F.3d at 341; see also *United States v. Anderson*, 280 F.3d 1121, 1125 (7th Cir. 2002) (rejecting defendant's challenge to the

sufficiency of his indictment for child pornography possession where indictment alleged defendant's internationally-manufactured hard drives "contained" images instead of "produced" images; "computerized images are produced when computer equipment is used to copy or download the images").

Though *Angle* was a case of child pornography possession and not production, the commerce elements of the possession and production statutes are nearly identical. Compare 18 U.S.C. § 2251(a) (commerce element for production) ("produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce"), with commerce elements in 18 U.S.C. § 2252(a)(4)(B) (possession) ("produced using materials which have been mailed or so shipped or transported") and 18 U.S.C. § 2252A(a)(5)(B) (possession) ("produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce"). For purposes of the commerce element and the meaning of "production," we do not see any meaningful distinction between the diskettes that Angle used to copy and store his images and the hard drives that Foley used to copy and store his. Though Foley was free to argue otherwise, a jury certainly could have found that Foley's hard drives were materials used in the production process sufficient to satisfy the commerce element.

Other circuits that have grappled with the meaning of "production" in the federal child pornography statutes have reached similar conclusions. In a child pornography production case in the First Circuit, the defendant argued that the government was required to identify the precise moment at which "production" occurred—at image capture, recording, or

storage—and then was required to prove whether the particular device involved at the moment of production had moved in interstate or foreign commerce. *United States v. Poulin*, 631 F.3d 17, 22–23 (1st Cir. 2011). Searches had uncovered the defendant's cameras and the DVDs he had recorded, but not the means of transfer between the camera and the DVDs. It was this link that the defendant seemed to believe was crucial to "production."

In rejecting the defendant's argument, the court explained, "Congress intended a broad ban on the production of child pornography and aimed to prohibit the varied means by which an individual might actively create it." *Id.* at 23. The court found that Congress did not mean to enact a hyper-technical definition of the term "producing" and that the term should be interpreted broadly. *Id.* at 22. It was unnecessary for the government either to prove precisely when "production" occurred or to produce at trial the equipment the defendant had used at that moment. The court found that a reasonable fact-finder could have found that the internationally-manufactured media equipment produced at trial were used to "produce" the images.

Likewise, in *United States v. Schene*, 543 F.3d 627, 639 (10th Cir. 2008), the Tenth Circuit found that the commerce element was established for a child pornography possession charge where the defendant "produced" the pornographic images by copying or downloading them onto a hard drive that had been

manufactured in foreign commerce.[1] The Eighth and Ninth Circuits also have upheld child pornography convictions under a more expansive interpretation of "production." See, *e.g.*, *United States v. Fadl*, 498 F.3d 862, 866–67 (8th Cir. 2007) (rejecting defendant's argument that production conviction required proof that he took directorial role or intended commercial distribution of images; Congress intended a non-technical definition of "producing" and sought to include activities not generally considered to fall within the typical meaning of the term); *United States v. Lacy*, 119 F.3d 742, 750 (9th Cir. 1997) (proof that defendant's computer hard drive, monitor, and storage disks had traveled in commerce was sufficient to prove commerce element of possession charge; rejecting defendant's argument that images were "produced" before they were copied or downloaded onto his computer).

Foley cites an Eighth Circuit case, *United States v. Mugan*, 441 F.3d 622, 625–26 (8th Cir. 2006), to support his argument that a storage device can be part of the "production" process only when the device is part of the camera that captured the

---

[1] An earlier ruling of the Tenth Circuit, *United States v. Wilson*, 182 F.3d 737, 743 (10th Cir. 1999), called into question "whether a computer graphics file is produced or created prior to being recorded on a particular storage media, or whether, instead, it only comes into being at or after the point it is recorded on the storage media." Because the court was not satisfied that the government had proved that the computer diskette on which the defendant's images were recorded could satisfy the commerce requirement for production, it reversed the defendant's conviction. In *Schene*, however, the Tenth Circuit explicitly found that this question had been answered and that the visual depictions were "produced" when they were copied or downloaded onto the defendant's hard drive. 543 F.3d at 638–39.

image, such as a camera's memory card or memory stick. The *Mugan* court clearly did not go that far, however. Mugan brought both facial and as-applied challenges to Congress's power to criminalize child pornography, contending there was an insufficient nexus between the local production of child pornography and interstate commerce. The Eighth Circuit rejected Mugan's constitutional challenge and affirmed his conviction for child pornography production based on the government's showing that he used a camera with a memory card that had moved in interstate commerce. *Id.* at 630. The court's finding that Mugan's camera with its memory card was *sufficient* evidence to satisfy the commerce element was not, as Foley contends, a finding that the camera was *necessary*. The court did not hold or imply, for example, that hard drives or other image storage devices, standing alone, would not be sufficient evidence from which a jury could tie the production of the images to interstate or foreign commerce. *Mugan*, therefore, is in line with the precedents discussed above and does not help Foley.

Nor do we share Foley's concern that allowing a jury to apply the word "produced" broadly will result in a conflation of child pornography production crimes and possession crimes. To prove child pornography production, the government must prove that the defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct. 18 U.S.C. § 2251(a). (Of course, the government must also prove the commerce element of the crime, here that the "visual depiction was produced … using materials … transported in or affecting

interstate or foreign commerce.") The crimes of child pornography *possession* also include commerce elements that use the word "produced." 18 U.S.C. § 2252(a)(4)(B) ("produced using materials which have been mailed or so shipped or transported"); 18 U.S.C. § 2252A(a)(5)(B) ("produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce").

We are hard pressed to understand how a prosecution for child pornography possession could be elevated to a prosecution for production based on the commerce element alone. Even if the government can prove that a person in possession of child pornography copied, downloaded, or stored images sufficient to satisfy the commerce element under an expansive interpretation of "produced," the possessor's act of copying, downloading or storing would not amount to proof that the possessor "employed, used, persuaded, induced, enticed, or coerced any minor to engage in … sexually explicit conduct," as required for a production charge. We see little risk of prosecutorial overreach by this theory.

Congress intended a broad definition of "producing" when it defined it as "producing, directing, manufacturing, issuing, publishing, or advertising" a visual depiction. 18 U.S.C. § 2256(3). To "issue" or "publish" a visual depiction, for example, a defendant would need to copy or store the visual depiction. The defendant's chosen storage devices—here, Foley's hard drives—could be considered by a jury as material used in "production" sufficient to satisfy the commerce element, assuming sufficient proof that the storage device at issue traveled in interstate or foreign commerce. A narrower construction, particularly one that would limit "production" to

only the moment an image is captured by a camera, is problematic for the simple reason that it is not compatible with Congress's definition of production. How does someone "direct" or "advertise" using a camera? A narrower construction would also enable a producer of child pornography to immunize himself from prosecution for production by copying the digital files to a new storage medium and then simply dropping his camera in the nearest lake. That cannot be what Congress intended. And our conclusion is bolstered by Congress's definition of "visual depiction," which clearly contemplates the digital storage of the images post-creation. 18 U.S.C. § 2256(5) ("visual depiction" includes "data *stored* on computer disk or by electronic means which is capable of conversion into a visual image") (emphasis added). A jury could find that the means of copying or storage—the diskettes in *Angle* and the hard drives here—are part of the production process, and are material that could satisfy the government's burden to prove the commerce element. Accordingly, we affirm the district court's denial of Foley's motion for acquittal on the production charges.

## II. *Testimony of "Minor Male B"*

Foley also argues that the district court erred by allowing the government to introduce the testimony of "Minor Male B," who told the jury that several years earlier, when he was between eleven and thirteen years old, he had been sexually molested by Foley in a gym locker room. The district court admitted Minor Male B's testimony under Federal Rule of Evidence 413. A district court's interpretation of the rules of evidence is reviewed *de novo*, and its decision to admit or exclude evidence is reviewed for an abuse of discretion. *United*

*States v. Loughry*, 660 F.3d 965, 969 (7th Cir. 2011). We find no legal error or abuse of discretion in the district court's admission of Minor Male B's testimony.

Evidence that tends to show that a criminal defendant has a propensity to commit crimes ordinarily is excluded from trial, but Rule 413 makes an exception where past sexual offenses are introduced in sexual assault cases. See *United States v. Rogers*, 587 F.3d 816, 818 (7th Cir. 2009). "In a criminal case in which a defendant is accused of sexual assault," Rule 413 permits the admission of evidence that the defendant committed "any other sexual assault." Fed. R. Evid. 413(a). Rule 413(d) defines "sexual assault" in relevant part to include:

> (1) any conduct prohibited by 18 U.S.C. chapter 109A;
>
> (2) contact, without consent, between any part of the defendant's body—or an object—and another person's genitals or anus.

Foley apparently concedes that his molestation of Minor Male B qualified as a "sexual assault" under this definition. He argues on appeal, though, that Rule 413 did not apply because he was not charged with "sexual assault."

Foley was charged with child pornography production, distribution, and possession under 18 U.S.C. chapter 110, as well as transporting a minor across state lines to engage in a sex act under 18 U.S.C. § 2423(a), which is part of 18 U.S.C. chapter 117. In seeking admission of Minor Male B's testimony regarding Foley's prior molestations, the government explained that Foley's child pornography crimes that were

charged under 18 U.S.C. chapter 110 involved his molestation of Minor Male A on several occasions. For purposes of its Rule 413 analysis, the district court found that although Foley was charged under 18 U.S.C. chapter 110, his crimes involved conduct that was also prohibited under 18 U.S.C. chapter 109A, so his crimes would satisfy the first definition of "sexual assault" under Rule 413(d)(1)[2]. We find no error in the district court's analysis. Rule 413 applied and permitted admission of Minor Male B's testimony regarding an earlier "sexual assault" to show Foley's propensity to commit such acts.

Foley argues that the district court erred in failing to apply the "categorical approach" to analyze whether any of his charged crimes fit the terms of Rule 413. Under the categorical approach used under the Armed Career Criminal Act, the court examines the statutory elements of the charged offenses instead of a defendant's actual conduct. See generally *United States v. Miller*, 721 F.3d 435, 437 (7th Cir. 2013) (explaining categorical approach under Armed Career Criminal Act). Foley argues that because the government could prove all of his charged crimes without proving that he committed an actual sexual assault, he was not charged with a sexual assault under the categorical approach, so the definition set forth in Rule 413 was not satisfied. However, Foley points to no authority requiring courts to apply the categorical approach to Rule 413, nor does he offer any persuasive authority or policy reason

---

[2] Chapter 109A prohibits, among other offenses, aggravated sexual abuse and sexual abuse of a minor or ward, 18 U.S.C. §§ 2241, 2243. Both provisions prohibit sexual acts by adults with minors between 12 and 16 years old.

why the rule should be interpreted that way. The focus of the Federal Rules of Evidence is on facts, and the policy rationale for Rule 413 is that a person who has engaged in the covered conduct is likely to engage in it again. Rule 413 uses statutory definitions to designate the covered conduct, but the focus is on the conduct itself rather than how the charges have been drafted.

Moreover, even if we were to accept Foley's argument that the categorical approach applies and would have prevented admission of Minor Male B's testimony under Rule 413, any error would have been harmless. Minor Male B's testimony also could have come in under Rule 414(a), which provides:

> In a criminal case in which a defendant is accused of an offense of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.

For purposes of the rule, an offense of "child molestation" includes the production of child pornography, 18 U.S.C. § 2251(a), as well as the possession, receipt, and distribution of child pornography, 18 U.S.C. § 2252A. Fed. R. Evid. 414(d)(2)(B) (defining "child molestation" to include conduct prohibited under 18 U.S.C. chapter 110). The Rule's definition of "child molestation" also includes crimes under federal or state law involving "contact between any part of the defendant's body … and a child's genitals or anus." Fed. R. Evid. 414(d)(2)(C). Thus, Foley was charged with offenses of child molestation—child pornography production, distribution, and possession under 18 U.S.C. chapter 110—and the evidence that

the government sought to admit was evidence of an offense of child molestation—contact between Foley's body and Minor Male B's genitals when he was between eleven and thirteen years old.[3] Under Rule 414, Minor Male B's testimony about his past molestation was admissible to prove Foley's propensity to produce and possess child pornography under federal law.

Under either Rule 413 or 414, after determining that the evidence is admissible, the district court is required to consider whether it should exclude the evidence under Rule 403. *Rogers*, 587 F.3d at 821–23. Rule 403 gives a court discretion to exclude evidence that is problematic because of the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here, the district court found that the relevance of Minor Male B's testimony greatly outweighed the likelihood that the testimony would cause the jury to become unfairly prejudiced against Foley. On appeal, Foley disagrees with the district court's assessment of the weight to give to the relevance and to the undue prejudice of Minor Male B's testimony.

---

[3]  Foley argues that his child pornography production charges under 18 U.S.C. § 2251(a) do not count as "child molestation offenses" under Rule 414 because his victim of those crimes, Minor Male A, was above the age of 14. Foley misreads the rule. Although Rule 414(d)(1) defines a "child" as a person below the age of 14, it defines "child molestation" to include "any conduct prohibited by 18 U.S.C. chapter 110" without regard to whether the chapter 110 offense was committed with a person below the age of 14, a "child" as defined by the Rule. Fed. R. Evid. 414(d)(2)(B). Thus, for purposes of whether Foley's child pornography production offenses were also "child molestation" offenses under Rule 414, it does not matter whether Minor Male A was under the age of 14.

Our role on appeal, however, is not to apply the Rule 403 balancing test *de novo* but to review the district court's decision for an abuse of discretion.

We find no abuse of discretion here. As the district court found, Minor Male B's testimony was relevant to Foley's propensity to commit sexual crimes against children, as well as to his intent and motive. Tr. 419–20, citing *United States v. Hawpetoss*, 478 F.3d 820, 824 n.7 (7th Cir. 2007) (evidence of history of sexual abuse of children can be probative as to defendant's disposition towards abuse), and *Rogers*, 587 F.3d at 821 (evidence of prior attempt to solicit minor for sex was relevant to show defendant's motive to seek sexual gratification through sexual contact with children). And, in light of the court's comment that "the overwhelming evidence that is and will continue to be before this jury that a sexual assault occurred with respect to" Minor Male A, we do not doubt the district court's determination that there was little risk that the jurors would be unduly prejudiced against Foley as a result of Minor Male B's testimony. The district court conducted this balance appropriately and stayed well within the bounds of its discretion.

The district court's judgment is AFFIRMED.