16-3791-cr
*United States v. Archambault*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand eighteen.

Present:
> PIERRE N. LEVAL,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*,

---

UNITED STATES OF AMERICA,

*Appellee*,

v.          16-3791-cr

PAUL F. ARCHAMBAULT,

*Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | ROBERT A. CULP, Garrison, NY. |
| For Appellee: | MARY C. BAUMGARTEN, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney, United States Attorney's Office, Buffalo, NY. |

1

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Paul Archambault ("Archambault") appeals from an October 14, 2016 judgment of the United States District Court for the Western District of New York, following a jury trial finding him guilty of one count of production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e), two counts of receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1), and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). The district court sentenced Archambault to 360 months on the first three counts and 240 months on the fourth count, with all sentences to run concurrently. Archambault challenges the district court's judgment and sentence on multiple constitutional and statutory grounds. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

### A. Waiver of Counsel

Archambault first argues that the district court erred in concluding that he knowingly and voluntarily waived his Sixth Amendment right to counsel. The Sixth Amendment guarantees a defendant the right to forego counsel and defend himself personally. *Faretta v. California*, 422 U.S. 806, 819 (1975). "Because a defendant who decides to act *pro se* relinquishes traditional benefits associated with formal legal representation," however, "the district court must ensure that the accused made [his] decision 'knowingly and intelligently.'" *Torres v. United States*, 140 F.3d 392, 401 (2d Cir. 1998) (quoting *Faretta*, 422 U.S. at 835). "Although there is no talismanic procedure to determine a valid waiver, the district court should engage the defendant in an

on-the-record discussion to ensure that [he] fully understands the ramifications of [his] decision." *Id.* (internal citation omitted). "The court should consider whether the defendant understood that [he] had a choice between proceeding pro se and with assigned counsel, whether [he] understood the advantages of having one trained in the law to represent [him], and whether the defendant had the capacity to make an intelligent choice." *Id.* (internal quotation marks omitted) (quoting *United States v. Hurtado*, 47 F.3d 577, 583 (2d Cir. 1995)). "In other words, the district court must be satisfied that the defendant was aware of the risks associated with self-representation and that [his] choice was made 'with eyes open.'" *Id.* (quoting *Faretta*, 422 U.S. at 835). We "will affirm a district court's conclusion that a defendant knowingly and voluntarily waived his constitutional rights if any reasonable view of the evidence supports it." *United States v. Burrous*, 147 F.3d 111, 116 (2d Cir. 1998) (quoting *United States v. Spencer*, 995 F.2d 10, 11 (2d Cir. 1993)).

Here, the district court engaged in an approximately twenty-minute on-the-record colloquy with Archambault to ensure that his waiver was knowing and intelligent. Archambault expressly informed the district court that he was aware that: (1) although he had no professional legal background, the district court would "apply the rules the same as if [he] had an attorney," Gov. App'x at 8; (2) the rules of evidence were "complex," and that "there will be some issues on the rules of evidence that [Archambault] may not be aware of," *id.* at 7; and (3) should he be convicted, he faced a minimum imprisonment term of 25 years and a maximum imprisonment term of 50 years on the first count of his indictment alone. The district court expressed its view that Archambault was not making a wise decision, and Archambault insisted that no one was "forcing" him to represent himself, *id* at 10. Based on this record, it would be reasonable to

3

conclude that Archambault knowingly and voluntarily waived his Sixth Amendment right to counsel. *See Burrous*, 147 F.3d at 116.

Archambault contends that his waiver was invalid because the district court failed to explain to him the "critical role of standby counsel." Reply Br. for Def.-Appellant at 3. But the appointment of standby counsel is discretionary; a defendant has no Sixth Amendment right to standby counsel after he knowingly and voluntarily waives his right to an attorney. *See United States v. Morrison*, 153 F.3d 34, 55 (2d Cir. 1998); *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997). The district court thus had no obligation to inform Archambault about standby counsel before concluding that Archambault knowingly and voluntarily waived his Sixth Amendment rights. *See Morrison*, 153 F.3d at 55; *Schmidt*, 105 F.3d at 90. We therefore affirm the district court's conclusion that Archambault knowingly and voluntarily waived his Sixth Amendment right to counsel.

## B. *Ineffective Assistance of Standby Counsel*

Archambault also claims that his court-appointed standby counsel was constitutionally ineffective, and that he was therefore denied the assistance of standby counsel. As noted above, however, a defendant has no constitutional right to standby counsel after he waives his Sixth Amendment rights. And "[a]bsent a constitutional right to standby counsel, a defendant generally cannot prove standby counsel was ineffective." *Schmidt*, 105 F.3d at 90. To be sure, our Circuit has left open the possibility that a defendant could make an "ineffective assistance of standby counsel" claim when his standby counsel "held that title in name only and, in fact, acted as the defendant's lawyer throughout the proceedings." *Id.* But that is not Archambault's case: Archambault made the opening and closing remarks himself and personally cross-examined the

4

government's witnesses. Thus, because Archambault "proceeded *pro se,* [he] may not now assign blame for [his] conviction to standby counsel." *Id.*

## C. Federal Rule of Evidence 414

Next, Archambault argues that the district court erred in granting the government's motion *in limine* to allow Archambault's 15-year-old victim from 2009 to testify at trial, and to admit a redacted certified judgment of Archambault's 2009 conviction for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Archambault insists that the district court erred in admitting this evidence under Federal Rule of Evidence 414, because the victim was not "below the age of 14" at the time of his offense, *see* Fed. R. Evid. 414(d)(1).

Archambault did not raise this objection below, and we therefore review the district court's ruling for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Certified Envtl. Servs., Inc.*, 753 F.3d 72, 96 (2d Cir. 2014). "A finding of 'plain error' requires that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

Federal Rule of Evidence 414(a) states that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Rule 414 thus specifically "allows for the admission of prior convictions or prior acts of child molestation to prove propensity." *United States v. Davis*, 624 F.3d 508, 512 (2d Cir. 2010). Rule 414(d)(2) defines "child molestation" as "a crime under federal law or under state law . . .

5

involving," *inter alia*, "any conduct prohibited by 18 U.S.C. chapter 110." Archambault does not dispute that 18 U.S.C. § 2252A(a)(5)(B), the crime of his prior conviction, is "conduct prohibited by 18 U.S.C. chapter 110." However, he notes that under Rule 414(d)(1), "a 'child' means a person below the age of 14." Accordingly, Archambault argues that his 2009 conviction cannot constitute "child molestation" under Rule 414(a), because his victim was not "below the age of 14."

We need not decide whether Rule 414(d)(1)'s definition of "child" is relevant to Rule 414(d)(2)'s definition of "child molestation." Even assuming *arguendo* that it is—and, hence, the district court erred in admitting evidence concerning Archambault's 2009 conviction pursuant to Rule 414—we are not convinced that such an error is "clear or obvious, rather than subject to reasonable dispute." *Alvarado*, 720 F.3d at 157 (quoting *Marcus*, 560 U.S. at 262 (2010)). "For an error to be plain, it must, 'at a minimum,' be 'clear under current law.'" *United States v. Weintraub*, 273 F.3d 139, 152 (2d Cir. 2001) (quoting *United States v. Feliciano*, 223 F.3d 102, 115 (2d Cir. 2000)). "We 'typically will not find such error where the operative legal question is unsettled,' including where there is no binding precedent from the Supreme Court or this Court." *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) (quoting *Weintraub*, 273 F.3d at 152). "Certainly, an error cannot be deemed 'plain,' in the absence of binding precedent, where there is a genuine dispute among the other circuits." *Id.*

Here, Archambault points to no binding precedent from our Circuit—let alone the Supreme Court—that mandates reading Rule 414(d)(1)'s definition of "child" into Rule 414(d)(2)'s definition of "child molestation." Archambault does cite a line of dicta from *United States v. Larson*, 112 F.3d 600 (2d Cir. 1997), in which we stated that, "by its terms, [Rule 414] authorizes the admission of evidence of molestation only of persons under the age of 14." *Id.* at 604. But he

6

cites no *holding* from our Court (or the Supreme Court) stating that his reading of Rule 414(d)(2) is the correct one. Furthermore, both the Seventh and the Tenth Circuits have considered Archambault's argument and have squarely rejected it. *See United States v. Foley*, 740 F.3d 1079, 1088 n.3 (7th Cir. 2014); *United States v. Sturm*, 673 F.3d 1274, 1284 (10th Cir. 2012). In sum, even assuming *arguendo* that Archambault has established error, he has not established "plain" error. *See Whab*, 355 F.3d at 158; *Weintraub*, 273 F.3d at 152.[1]

### D. Evidence of Victim's Prior Misrepresentations of Age

Archambault next argues that the district court erroneously precluded him from introducing evidence that his 2012 victim "misrepresented her age on other sites and to other people." Br. for Def.-Appellant at 40. "We review a district court's evidentiary rulings under a deferential abuse of discretion standard, and we will disturb an evidentiary ruling only where the decision to admit or exclude evidence was 'manifestly erroneous.'" *United States v. Litvak*, 889 F.3d 56, 67 (2d Cir. 2018) (quoting *United States v. McGinn*, 787 F.3d 116, 127 (2d Cir. 2015)). Furthermore, "[e]ven if a decision *was* 'manifestly erroneous,' we will affirm 'if the error was harmless.'" *Id.* (emphasis added) (quoting *McGinn*, 787 F.3d at 127). "[An] error [is] harmless if it is not likely that it contributed to the verdict." *McGinn*, 787 F.3d at 127.

Here, Archambault sought to admit evidence that his victim "posted on various websites . . . [that] show her claiming to be 18," App'x at 123–24, to show that he had a good-faith belief that she was over the age of 18. The district court weighed the probative value of the evidence against

---

[1] To the extent that Archambault argues that the Rule 414 evidence was unfairly prejudicial under Rule 403, we reject his argument. "Under Rule 403, so long as the district court has conscientiously balanced the proffered evidence's probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational." *United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006). The district court here balanced the probative value of the Rule 414 evidence against its risk for unfair prejudice and found that although the "evidence is [indeed] highly prejudicial," it is also "highly relevant," and thus admitted the evidence. Special App'x at 7. We see nothing "arbitrary" or "irrational" about such a conclusion. *See Awadallah*, 436 F.3d at 131.

its danger of unfair prejudice, and excluded the evidence under Rule 403 (in addition to Rule 412). This decision was neither "arbitrary" nor "irrational," and we will thus not disturb it. *Awadallah*, 436 F.3d at 131. Furthermore, Archambault did not make clear to the district court that he intended to introduce evidence only of the victim's misrepresentation as to age (without including evidence of her sexual history or predisposition), and the victim's posting of her age as 18 on the internet site where Archambault discovered her was put before the jury. In addition, the district court expressly allowed Archambault to cross-examine the victim over her testimony that she told Archambault she was 16, and allowed Archambault to present his "mistake of age" defense to the jury. In these circumstances, if the district court's decision *was* manifestly erroneous, the error was harmless, and does not require vacating Archambault's judgment. *See McGinn*, 787 F.3d at 127.

### E. Substantive Reasonableness of Archambault's Sentence

Archambault also argues that his sentence was substantively unreasonable. "We will set aside a sentence as substantively unreasonable only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (internal quotation marks omitted) (quoting *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc)). "We will identify as substantively unreasonable only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *Id.* (internal quotation marks omitted) (quoting *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012)). This review is "particularly deferential," and we must provide "due respect for [a] sentencing court's 'very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime.'" *Id.* (first quoting *Broxmeyer*, 699 F.3d at 289, then quoting *Cavera*, 550 F.3d at 188). We must evaluate the substantive reasonableness of a sentence

on the basis of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Jenkins*, 854 F.3d 181, 187–88 (2d Cir. 2017). These factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense," *id.* § 3553(a)(2)(A); (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); and (4) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C).

As noted above, the district court sentenced Archambault to 360 months for the first three counts, and 240 months for the fourth count, with all sentences to run concurrently. This sentence sits at the low end of the recommended Guidelines range, which Archambault does not argue the court miscalculated. The district court stated that it had "carefully considered the factors in 18 U.S.C. § 3553(a) and [found] the sentence imposed [to be] sufficient but not greater than necessary to comply with the purposes of sentencing." App'x at 287. The district court determined that Archambault possessed a high risk of recidivism, given that he engaged in the sexual conduct at issue in this case within weeks of his release from federal prison for engaging in virtually identical conduct. *Id*. The district court also noted that "[d]espite now having been twice convicted of a similar crime in six years' time, the defendant does not appear to accept that his conduct was wrongful." *Id.* at 288. Finally, the district court considered Archambault's criminal history, and concluded that Archambault's conduct indicated that he is "predative and actively looks for opportunities to take advantage of others, in particular, young women, without concern for the harm his conduct might cause." *Id.* at 288–89. We find no abuse of discretion in the district court's weighing of the § 3553(a) factors, and Archambault's sentence was neither "shockingly

high" nor "otherwise unsupportable as a matter of law." *See Singh*, 877 F.3d at 115 (quoting *Broxmeyer*, 699 F.3d at 289). It was therefore not substantively unreasonable.

### F. Jury Instruction

Archambault also challenges the district court's decision not to instruct the jury about the mandatory minimum sentence that Archambault would face if convicted. It is "within [a] trial court's discretion to decline to instruct the jury on [a] mandatory minimum sentence," however, and a defendant has no constitutional right to such an instruction. *United States v. Polouizzi*, 564 F.3d 142, 160–62 (2d Cir. 2009). Archambault asserts that when there is an alleged "gulf between how a jury might view the seriousness of the offense, and a 25 year mandatory minimum, [the jury] should be entitled to take [the gulf] into consideration." Br. for Def.-Appellant at 52. But, as Archambault himself seems to acknowledge, that argument is precluded by *Polouizzi*. We thus see no abuse of discretion in the district court's decision.

### G. Rule 33 Motion

Finally, Archambault argues that the district court erred in denying his February 22, 2016 motion for a new trial under Federal Rule of Criminal Procedure 33. Archambault insists that the Supreme Court's decision in *Riley v. California*, 134 S. Ct. 2473 (2014), rendered the FBI's January 2013 warrantless search of his SD card unconstitutional, and he should therefore receive a new trial with the evidence from the SD card suppressed. Even assuming *arguendo* that Archambault's motion was not procedurally barred, and even assuming *arguendo* that *Riley* might render the consent search at issue in Archambault's case unconstitutional, the Supreme Court handed down *Riley* nearly a year-and-a-half after the search occurred. The FBI therefore conducted its search "in objectively reasonable reliance on [then-]binding appellate precedent," and the "good-faith exception" would thus bar suppression in Archambault's case regardless. *See*

*United States v. Gomez*, 877 F.3d 76, 94 (2d Cir. 2017) (quoting *Davis v. United States*, 564 U.S. 229, 232 (2011)). We therefore affirm the district court's dismissal of Archambault's Rule 33 motion.

*     *     *

We have considered Archambault's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk