# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-2355

_____

United States of America

*Plaintiff - Appellee*

v.

Daniel Morris Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: November 18, 2016
Filed: February 17, 2017

_____

Before BENTON and SHEPHERD, Circuit Judges, and EBINGER,[1] District Judge.

_____

EBINGER, District Judge.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa, sitting by designation.

Daniel Johnson was charged with production of child pornography in violation of 18 U.S.C. § 2251(a) and 2251(e). Johnson filed a motion to suppress evidence obtained during a search of his residence, alleging the affidavit supporting the warrant lacked probable cause because the information was stale and lacked a nexus to his residence. The district court[2] adopted the magistrate judge's report and recommendation denying Johnson's motion to suppress. Johnson was found guilty after a bench trial.

At sentencing, Johnson argued his prior conviction—criminal sexual conduct in the fifth degree in violation of Minnesota law—should not be considered a predicate offense used to enhance his sentence. The district court applied the enhancement and sentenced Johnson to 354 months' imprisonment. On appeal, Johnson argues the district court erred in denying his suppression motion and in applying the sentencing enhancement based on his prior Minnesota conviction. We affirm.

## I. *Background*

Between 2009 and August 2010, Johnson was involved in a romantic relationship with K.J., an adult female. During that time, three children lived with K.J. in her home in Montevideo, Chippewa County, Minnesota, including her fifteen-year-old daughter, identified here as Jane Doe. In September 2010, Jane Doe wrote a letter to her mother disclosing Johnson sexually abused her on multiple occasions. K.J. delivered the letter to the Chippewa County Sheriff's Office.

---

[2]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Tony N. Leung, United States Magistrate Judge for the District of Minnesota.

On November 4, 2010, Chippewa County Sheriff's Deputy Brian Hanson and two victim advocates interviewed Jane Doe. Jane Doe disclosed repeated sexual abuse by Johnson, including at least four instances of sexual intercourse and one incident when Johnson took pictures of her during a sexual assault. After the interview, Deputy Hanson prepared an application for a search warrant for Johnson's residence in Woodbury, Washington County, Minnesota, where Johnson was living with his mother. The warrant sought evidence of sexual abuse, including "explicit pictures or any pictures of" Jane Doe on "[c]omputers, [c]omputer [d]isks, thumb drives,[ ]computer hardware[, c]ameras, [or c]ell [p]hones."

As recounted in the affidavit supporting the search warrant, Jane Doe told Deputy Hanson that Johnson first sexually assaulted her approximately two weeks before Christmas in 2009. Jane Doe came home from school and Johnson was the only other person home. Johnson told Jane Doe "a friend had bought her a cell phone and that she could not see it or have it[ ]unless [Johnson] got to see her naked." Jane Doe eventually acquiesced. She reported during the first assault Johnson "put his fingers in her vagina." She also stated Johnson took pictures of her naked and "downloaded them on to his computer . . . at [Johnson's] mom's house in Woodbury." Jane Doe said Johnson "always downloaded all of his pictures on the computers at his mom's house in Woodbury" and "he would go there at least once a week." Jane Doe also disclosed Johnson had sexual intercourse with her on at least four occasions. The affidavit states Jane Doe said the sexual abuse stopped after Johnson's arrest in February.[3]

On November 10, 2010, a Minnesota state court judge signed the search warrant for the Woodbury residence Johnson shared with his mother. Deputy Hanson executed the warrant with the assistance of the Washington County Sheriff's Office.

---

[3]At trial, the evidence indicated Johnson was arrested in February 2010 for failure to register as a sex offender in Chippewa County and pleaded guilty.

During the search, officers found Johnson in a locked room in the basement and arrested him. Officers seized sixteen computer towers and hard drives in addition to USB storage devices and two digital cameras. On one of the hard drives officers located a webcam video showing Johnson sexually assaulting Jane Doe.[4]

Johnson was charged with one count of production of child pornography in violation of 18 U.S.C. § 2251(a) and 2251(e). Johnson moved to suppress the webcam video. After a hearing on the motion to suppress, the magistrate judge recommended Johnson's suppression motion be denied. The district court adopted the magistrate judge's report and recommendation.

On April 14, 2015, Johnson proceeded to a bench trial. He stipulated that Jane Doe was under 18 years old at the time the video was made and that the computer equipment traveled in interstate commerce. Johnson did not stipulate to knowingly producing the video of the sexual assault, asserting he did not know the webcam was on or recording because the webcam was motion-activated. The district court found Johnson guilty of production of child pornography.

At sentencing, Johnson objected to the use of his prior conviction to enhance the mandatory minimum and statutory maximum penalties applicable to his offense. Johnson argued his conviction for criminal sexual conduct in the fifth degree in violation of Minnesota Statute section 609.3451 is not a predicate offense under 18 U.S.C. § 2251(e). Johnson argued the statute is overinclusive because the offense is not necessarily committed for sexual gratification. The district court overruled Johnson's objection, resulting in a 25-year mandatory minimum and a 50-year statutory maximum. The Government sought the 50-year maximum sentence. The court sentenced Johnson to 354 months' imprisonment. The district court remarked

_____

[4]A second search warrant, not at issue here, was obtained prior to the search of the computer equipment.

he "would be imposing under . . . these 3553(a) factors, exactly the same sentence" regardless of the predicate offense enhancement.

## II. *Discussion*

### A. *Motion to Suppress*

On appeal, Johnson argues the district court erred in denying his motion to suppress the evidence obtained during the search of his Woodbury residence. Johnson argues there was not probable cause supporting the search warrant application because: 1) it set forth stale evidence; and 2) it lacked a nexus with his Woodbury residence.

"We review the district court's factual determinations in support of its denial of a motion to suppress for clear error and its legal conclusions de novo." *United States v. Johnson*, 601 F.3d 869, 872 (8th Cir. 2010) (quoting *United States v. Harper*, 466 F.3d 634, 643 (8th Cir. 2006)). Reversal of a decision to deny a motion to suppress is warranted "only if the district court's decision 'is unsupported by substantial evidence, based on an erroneous interpretation of applicable law, or, based on the entire record, it is clear a mistake was made.'" *Id.* (quoting *Harper*, 466 F.3d at 643).

The role of a reviewing court is to ensure the magistrate issuing the warrant "had a 'substantial basis for concluding that probable cause existed.'" *United States v. Colbert*, 828 F.3d 718, 726 (8th Cir. 2016) (quoting *United States v. Garcia–Hernandez*, 682 F.3d 767, 771 (8th Cir. 2012)); *accord Illinois v. Gates*, 462 U.S. 213, 238–39 (1983). "Probable cause exists, if under the totality of the circumstances, a showing of facts can be made 'sufficient to create a fair probability that evidence of a crime will be found in the place to be searched.'" *United States v. Wallace*, 550 F.3d 729, 732 (8th Cir. 2008) (per curiam) (quoting *United States v.*

*Underwood*, 364 F.3d 956, 963 (8th Cir. 2004), *vacated on other grounds sub nom. Carpenter v. United States*, 543 U.S. 1108 (2005)); *accord Gates*, 462 U.S. at 238. The issuing court's probable cause determination "should be paid great deference by reviewing courts." *United States v. Brewer*, 588 F.3d 1165, 1170 (8th Cir. 2009) (quoting *United States v. Hansel*, 524 F.3d 841, 845 (8th Cir. 2008)).

### 1. *Staleness*

We first examine Johnson's contention that the warrant was obtained based on stale information. "A warrant becomes stale if the information supporting the warrant is not 'sufficiently close in time to the issuance of the warrant and the subsequent search conducted so that probable cause can be said to exist as of the time of the search.'" *Colbert*, 828 F.3d at 727 (quoting *Brewer*, 588 F.3d at 1173). The specific context and nature of the warrant must be examined for each case; "[t]here is no bright-line test for determining when information in a warrant is stale." *United States v. Lemon*, 590 F.3d 612, 614 (8th Cir. 2010) (quoting *United States v. Pruneda*, 518 F.3d 597, 604 (8th Cir. 2008)). "Important factors to consider in determining whether probable cause has dissipated . . . include the lapse of time since the warrant was issued, the nature of the criminal activity, and the kind of property subject to the search." *Colbert*, 828 F.3d at 727 (omission in original) (quoting *Brewer*, 588 F.3d at 1173). A "lapse of time is least important when the suspected criminal activity is continuing in nature and when the property is not likely to be destroyed or dissipated." *Lemon*, 590 F.3d at 614 (quoting *United States v. Horn*, 187 F.3d 781, 786 (8th Cir. 1999)).

We conclude the information used to establish probable cause was not stale. As the district court noted in denying Johnson's motion to suppress, "[t]he affidavit alleges a number of very detailed occurrences of sexual assault against a minor over a period of time" with "specific details regarding photographs." The search warrant was issued approximately eleven months after Johnson took the pictures, nine months

after the last sexual assault, and at most three months after Jane Doe told her mother about the sexual assaults. Given the nature of the crime and type of evidence sought, the execution of the warrant in November 2010 did not render the warrant deficient based on stale information. *See id.* at 615 (holding the evidence demonstrated probable cause for a search warrant despite the eighteen-month gap between the defendant's last exchange of child pornography and the application for the warrant); *United States v. Morales–Aldahondo*, 524 F.3d 115, 119 (1st Cir. 2008) (holding the warrant's information was not stale where there was a three-year lapse between the defendant's purchase of child pornography and the warrant application).

Johnson urges this Court to rely upon the Third Circuit's reasoning in *United States v. Zimmerman* to reach a contrary conclusion. 277 F.3d 426 (3d Cir. 2002). At issue in *Zimmerman* was a search warrant for the home of a high school teacher and coach. *Id.* at 429–30. The affidavit supporting the warrant "recounted various incidents in which [the defendant] allegedly sexually accosted students at the high school or on athletic road trips, with only brief mention made of [adult] pornography." *Id.* at 431. The *Zimmerman* court found the warrant lacked probable cause to search the defendant's home for child pornography because the affidavit did "not even allege much less demonstrate that [the defendant] was engaged in a 'continuing offense' of acquiring pornography and keeping it in his home." *Id.* at 434. The court emphasized the warrant did not indicate the defendant "ever possessed child pornography" and the information about adult pornography was stale because the pornography was viewed six months prior via the Internet. *Id.* at 434–35.

*Zimmerman* is inapposite. In *Zimmerman* there was no evidence the defendant possessed child pornography, and there was no connection between the victim and the pornography or the evidence sought. In contrast, this search warrant sought evidence of sexual abuse, including naked photographs Johnson took of Jane Doe during a sexual assault. The affidavit stated Johnson downloaded the photographs of Jane Doe onto a computer at his mother's residence in Woodbury—the location of the

intended search. *Cf. id.* at 434–36. The affidavit supporting the search warrant also detailed Johnson's sexual assaults of Jane Doe over several months, including sexual intercourse. These facts established a link between Johnson and Jane Doe, and the photographs sought. Unlike in *Zimmerman*, where there was no evidence the issuing court could rely upon to presume the defendant retained any relevant images (let alone any child pornography), here the issuing court could reasonably rely upon the presumption that Johnson would retain images of evidentiary value (including child pornography) in finding probable cause supported the warrant. *See United States v. Summage*, 481 F.3d 1075, 1078 (8th Cir. 2007) (presuming the defendant "would maintain in his possession the video and photographs that he made of the sexual encounter"); *see also Lemon*, 590 F.3d at 614 ("Possession of child pornography is a crime that is continuing in nature . . . ."). Thus, the warrant, issued eleven months after Johnson took the naked photographs of Jane Doe, was not based upon stale information.

## 2. *Nexus*

We next turn to the issue of the nexus between the sexual assaults in Montevideo and the search of Johnson's residence in Woodbury. In order to support an application for a search warrant, "[t]here must be evidence of a nexus between the contraband and the place to be searched." *Colbert*, 828 F.3d at 726 (quoting *United States v. Tellez*, 217 F.3d 547, 550 (8th Cir. 2000)). Factors to consider in determining if a nexus exists include "the nature of the crime and the reasonable, logical likelihood of finding useful evidence." *Id.* (quoting *United States v. Etheridge*, 165 F.3d 655, 657 (8th Cir. 1999)). Johnson contends the affidavit lacked reliable information to sufficiently bolster or corroborate Jane Doe's knowledge about Johnson's Woodbury residence.

We conclude the information in the affidavit established a search of Johnson's Woodbury residence would likely result in discovery of evidence of sexual assault.

The affidavit supporting the search warrant included information specifically tying the sexual assault with evidence at the Woodbury residence Johnson shared with his mother. Jane Doe said Johnson took nude pictures of her during the first sexual assault. She said Johnson "downloaded the pictures [of her naked] on his computer that he has at his mom's house in Woodbury." The affidavit states Johnson "always downloaded all his pictures on the computers at his mom's house in Woodbury" and returned to Woodbury "at least once a week." These facts provided a substantial basis for the issuing court's conclusion there was a reasonable likelihood evidence of Johnson's sexual assault of Jane Doe would be found in Johnson's Woodbury residence. Therefore, we hold the district court did not err in denying Johnson's motion to suppress.

Even if the affidavit was insufficient to establish probable cause, the *Leon* good-faith exception prevents suppression of the seized evidence. *See United States v. Leon*, 468 U.S. 897 (1984). The evidence is admissible alternatively under the *Leon* good-faith exception because "it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." *United States v. Hudspeth*, 525 F.3d 667, 676 (8th Cir. 2008) (quoting *United States v. Grant*, 490 F.3d 627, 632 (8th Cir. 2007)). "In assessing whether the officer relied in good faith on the validity of a warrant, we consider the totality of the circumstances, including any information known to the officer but not included in the affidavit . . . ." *Grant*, 490 F.3d at 632. "It is the magistrate, and not the affiant, that is responsible for" determining whether probable cause exists. *Summage*, 481 F.3d at 1077–78.

At the time he requested the warrant, Deputy Hanson was aware Johnson was a registered sex offender. Deputy Hanson knew Johnson was required to register as a sex offender for the underlying offense of criminal sexual conduct in the fifth degree. He knew Johnson was arrested in February 2010 for failure to register as a sex offender. Deputy Hanson knew Johnson lived with K.J., Jane Does's mother,

during the time Jane Doe alleged Johnson sexually abused her. Deputy Hanson also knew Johnson occasionally resided with his mother in Woodbury, Minnesota. Based on these additional facts, along with those contained in the warrant affidavit, it was reasonable for Deputy Hanson to have relied in good faith on the judge's determination there was probable cause to issue the warrant. *See Hudspeth*, 525 F.3d at 676. Moreover, there is no reason not to apply the good-faith exception. *See United States v. Jackson*, 784 F.3d 1227, 1231 (8th Cir. 2015) (listing "four situations when the good-faith exception would not apply"). Therefore, even if probable cause was lacking, the district court's order denying Johnson's motion to suppress would be affirmed.

## B. *Predicate Offense Enhancement*

Johnson's presentence investigation report recommended his sentence be enhanced pursuant to § 2251(e) based on his prior conviction for criminal sexual conduct in the fifth degree. The district court agreed and applied the enhancement despite Johnson's objection. The court sentenced Johnson to 354 months' imprisonment.

"We review *de novo* the district court's use of prior convictions for sentencing enhancement purposes." *United States v. Lockwood*, 446 F.3d 825, 827 (8th Cir. 2006). Section 2251 criminalizes the production of child pornography. It provides for a minimum sentence of 15 years (180 months) and a maximum sentence of 30 years (360 months). 18 U.S.C. § 2251(e). The minimum and maximum penalties are enhanced when the defendant has one prior state conviction "relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward." *Id.* The minimum sentence becomes 25 years (300 months) and the maximum sentence becomes 50 years (600 months). *Id.* Johnson argues § 2251(e) is inapplicable because his prior conviction does not relate to the sexual abuse of a minor.

We need not reach the issue of whether the district court properly enhanced Johnson's sentence based on his prior Minnesota conviction because any error in applying the enhancement was harmless. Under Federal Rule of Criminal Procedure 52(a), "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." The burden is on the government to prove an error was harmless. *See United States v. Bah*, 439 F.3d 423, 430 (8th Cir. 2006). The government may meet its burden by showing the district court "specifically contemplated the possible error" and itself engaged in contemplation about "the potential impact of the specific error involved." *United States v. Henson*, 550 F.3d 739, 741–42 (8th Cir. 2008) (considering a procedural error).

In this case, we conclude the Government met its burden to show any error by the district court in applying the sentencing enhancement was harmless. The district court's 354-month sentence is less than the unenhanced statutory maximum (360 months) and within the enhanced statutory sentencing range (300 to 600 months). *See* 18 U.S.C. § 2251(e). The sentencing-hearing transcript demonstrates the district court "specifically contemplated" an error in applying the enhancement. *Henson*, 550 F.3d at 742. The district court stated it would have imposed the same sentence regardless of whether Johnson's prior Minnesota conviction qualified as a predicate offense under § 2251(e). The district court said "anything less than [the sentence the Court imposed] would not promote sufficient respect for the law." The district court determined the consequences of an error, if any, would not impact the sentence imposed; any purported error was harmless. We affirm the district court's imposition of a 354-month sentence.

## III. *Conclusion*

The judgment of the district court is affirmed.

_____

-11-