United States Court of Appeals

For the Eighth Circuit

_____

No. 19-1327

_____

United States of America

*Plaintiff - Appellee*

v.

Kevin Dean Green

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: January 17, 2020
Filed: April 2, 2020

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

GRASZ, Circuit Judge.

Kevin Green moved to suppress evidence of child pornography that FBI agents found on his phone. The district court[1] denied the motion. After Green pled guilty to child-pornography crimes, the district court imposed a prison sentence and a

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

restitution order. Green appeals the conviction, the prison sentence, and the restitution order. We affirm.

## I. Background

FBI agents investigated and tracked down a suspected child pornographer in Florida. The suspect was known on the Kik multi-platform instant-message app as "kidluvr1." A search of kidluvr1's computers and phones revealed instant-message conversations with someone known as "havingsomefun67." In the Kik conversation, havingsomefun67 expressed desire to receive child pornography from kidluvr1 and to produce pornography with his own children. Other comments suggested kidluvr1 and havingsomefun67 had seen the same child-pornography videos.

The FBI began investigating havingsomefun67. After subpoenaing Kik, agents learned that the havingsomefun67 account was registered to kevingreen1719@gmail.com and was accessed from CenturyLink IP addresses. According to CenturyLink, the IP addresses were registered to someone in Davenport, Iowa. CenturyLink provided the FBI with the street address associated with the IP addresses. As the FBI soon discovered, several sources including Lexis/Nexis databases, Iowa driver's license records, and the U.S. Postal Service listed the street address as belonging to Kevin Dean Green. Agents conducting surveillance observed Green at the house. Facebook photos showed Green with two minors, presumably his children.

FBI agent James McMillan relayed the above information to a federal magistrate judge in a search-warrant application. Agent McMillan asserted that people who view, share, and discuss child sexual abuse and child pornography are very likely to keep evidence of their crimes in their homes. Drawing from his experience investigating child-exploitation crimes, McMillan concluded that the circumstances established probable cause to believe the house contained child-

pornography evidence. In his warrant application, McMillan sought authorization to search the house and seize, among other things, any cellphones and computers found there. The magistrate judge issued the warrant.

A few days later, FBI agents searched the house. During the search, agents found Green's cellphone which — as they soon discovered — contained 370 images of child pornography. Green was consequently indicted for violating federal laws prohibiting receipt and possession of child pornography.

According to Green, the FBI illegally searched his house and phone. He moved to suppress the evidence found on the phone, contending that the FBI lacked probable cause supporting the search warrant. The district court denied the motion. Green eventually pled guilty to receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) but retained the right to appeal the denial of his suppression motion.

At sentencing, the district court cited a United States Sentencing Guidelines ("Guidelines") provision recommending harsher penalties for defendants who used "a computer . . . for the possession, transmission, receipt, or distribution" of child pornography. U.S.S.G. § 2G2.2(b)(6). Green objected to this computer-use enhancement, calling it unconstitutionally vague and explaining that its application would raise his recommended prison sentence from a range of 87–108 months to 108–135 months. The district court nonetheless applied the enhancement. Green was sentenced to 120 months of imprisonment and five years of supervised release. The district court also ordered Green to pay $27,000 in restitution, $3,000 to each of the nine victims of his child-pornography crimes.

## II. Analysis

Green argues three points on appeal. First, the district court should have suppressed the child-pornography evidence found on his phone. Second, the district court applied an unconstitutionally vague sentencing enhancement, unfairly increasing his recommended prison time. Third, the district court abused its discretion in ordering him to pay $27,000 to the victims of his crimes. We address his arguments in turn.

## A. Suppression of Evidence

Under the Fourth Amendment, search warrants must be supported by probable cause. U.S. Const. amend. IV. According to Green, the FBI did not have probable cause to obtain the warrant. As such, he argues, any evidence discovered pursuant to the warrant — including the child pornography on his phone — was inadmissible. *See Weeks v. United States*, 232 U.S. 383, 398 (1914) (articulating the exclusionary rule prohibiting admission of unconstitutionally-obtained evidence).

The district court rejected Green's argument, denying his motion to suppress the evidence. "We review the district court's factual determinations in support of its denial of a motion to suppress for clear error and its legal conclusions de novo." *United States v. Harper*, 466 F.3d 634, 643 (8th Cir. 2006).

We must determine whether the warrant's issuing court had a substantial basis for finding probable cause. *United States v. Johnson*, 848 F.3d 872, 876 (8th Cir. 2017). "Probable cause exists, if under the totality of the circumstances, a showing of facts can be made 'sufficient to create a fair probability that evidence of a crime will be found in the place to be searched.'" *Id.* (quoting *United States v. Wallace*, 550 F.3d 729, 732 (8th Cir. 2008)). We owe great deference to the issuing court's probable-cause determination. *Id.*

-4-

Probable cause existed. In the Kik conversation, havingsomefun67 requested child pornography, expressed intent to produce child pornography, and admitted to molesting his daughter. The havingsomefun67 account was registered to kevingreen1719@gmail.com, and havingsomefun67's IP address was registered to Kevin Green's street address. *See United States v. Chrobak*, 289 F.3d 1043, 1046 (8th Cir. 2002) (holding a child-pornographer's email address, when linked to a suspect, provides probable cause to search the suspect's house). According to Agent McMillan, participants in online conversations about child pornography tend to keep evidence in their homes. *See United States v. Huyck*, 849 F.3d 432, 439 (8th Cir. 2017) (finding probable cause to search a suspect's house months after browsing a hard-to-access child-pornography website, because "child pornographers generally retain their pornography for extended periods") (quoting *Chrobak*, 289 F.3d at 1046); *United States v. Stults*, 575 F.3d 834, 844 (8th Cir. 2009) (finding probable cause based, in part, on an investigator's experience in child-pornography cases).

Green contends none of this establishes the required "nexus" between his phone and the house. *See Johnson*, 848 F.3d at 878. After all, he argues, his cellphone is inherently mobile; nothing necessitates its presence at the house. But despite Green's contrary contentions, his phone's mobility has no bearing on whether it could be seized under the warrant. The question is whether there was a reasonable probability that evidence of child-pornography crimes would be found on the electronic devices — including on Green's phone — inside the house. *Id.* at 876, 878. We, like the district court and the magistrate judge, conclude there was.

Green nonetheless objects to the search of his phone. His phone, he explains, is listed on the warrant as "property to be seized" but not as "property to be searched." Therefore, while the FBI agents *may* have been authorized to seize his phone, they were *not* allowed to search its contents. Under the Supreme Court's *Riley v. California* decision, Green argues, law enforcement officers cannot search a

lawfully seized phone without a warrant authorizing them to do so. 573 U.S. 373, 401 (2014).

We disagree. As we have explained elsewhere, *Riley*'s holding is "limited to cell phones seized incident to arrest." *United States v. Crumble*, 878 F.3d 656, 660 (8th Cir. 2018). And in any case, the warrant authorized the phone's search. Agent McMillan attached to his warrant application a written description of the items to be seized, which explained that, upon seizing electronic devices, the FBI would also seize evidence found *on* those devices (e.g., logs, files, usernames, passwords, browsing history, emails, chats, software, cookies, bookmarks, etc.) that could *only* be obtained by searching them. By incorporating McMillan's written attachment, the warrant authorized the search of the electronic devices found at the house — including Green's cellphone. *Cf. United States v. Gregoire*, 638 F.3d 962, 967–68 (8th Cir. 2011) (adopting the district court's conclusion that "'[a] search warrant which specifically authorized the seizure of a computer and a search for financial records clearly contemplates at least a limited search of the computer's contents' without the need of a second warrant.").

The warrant was therefore supported by probable cause and the search of the home and phone was valid. The district court rightly denied Green's motion to suppress.[2]

---

[2]Green also argues that, because the search warrant was invalid, any statements he made to the FBI during and after the search are "fruit[s] of the poisonous tree" and therefore must also be suppressed. *See Nardone v. United States*, 308 U.S. 338, 341 (1939). But because the warrant was valid and the search proper, Green's statements are also admissible.

## B. Sentencing Enhancement

Green objects to the enhanced sentence he received for committing his crimes with a "computer." He claims the word "computer" in § 2G2.2(b)(6) of the Guidelines is unconstitutionally vague. We review the district court's interpretation and application of the Guidelines de novo. *United States v. Jackson*, 909 F.3d 922, 924 (8th Cir. 2018).

Green cannot directly challenge the constitutionality of § 2G2.2(b)(6) itself. According to the Supreme Court, "the Guidelines are not amenable to a vagueness challenge." *Beckles v. United States*, 137 S. Ct. 886, 894 (2017). Green acknowledges as much in his brief. Instead, Green challenges as vague 18 U.S.C. § 1030(e)(1), from which the Guidelines draws its definition of "computer." U.S.S.G. § 2G2.2(b)(6) cmt. n.1.

But Green cannot evade *Beckles* by challenging the statute upon which a Guidelines definition is based. The Guidelines are at issue here, not 18 U.S.C. § 1030(e)(1). And we are not about to "speculate about possible vagueness in hypothetical situations not before the Court." *Adam & Eve Jonesboro, LLC v. Perrin*, 933 F.3d 951, 959 (8th Cir. 2019) (brackets omitted) (quoting *Hill v. Colorado*, 530 U.S. 703, 733 (2000)). Because the statutory definition *cannot* be unconstitutionally vague as applied to Green — i.e., in a Sentencing-Guidelines context — his vagueness argument necessarily fails. *See Beckles*, 137 S. Ct. at 894.

## C. Restitution Order

The district court ordered $27,000 in restitution as part of Green's sentence. According to Green, the restitution order violates the Eighth Amendment's prohibition of excessive fines. *See* U.S. Const. amend. VIII. Or at very least, he contends, the district court abused its discretion in ordering such a steep financial

penalty. "We review the district court's decision to award restitution for abuse of discretion, but any fact findings as to the amount are reviewed for clear error." *United States v. Hoskins*, 876 F.3d 942, 945 (8th Cir. 2017).

Federal law requires restitution payments to victims of child pornography offenses. 18 U.S.C. § 2259. The amount of restitution required is the "full amount of the victim's losses" proximately caused by the defendant's conduct. 18 U.S.C. § 2259(b)(3) (2012)[3]; *Paroline v. United States*, 572 U.S. 434, 448 (2014). Costs include but are not limited to medical and psychiatric services, therapy, rehabilitation, transportation, housing, child-care expenses, lost income, and attorney fees. 18 U.S.C. § 2259(b)(3) (2012). As the Supreme Court pointed out in *Paroline*, mandatory restitution under § 2259 — when properly interpreted — does not violate the Eighth Amendment's excessive-fines clause. *Id.* at 455–56. There is no indication in the record, nor does Green now allege, that the district court's interpretation of § 2259 was inconsistent with *Paroline*.

This court has upheld restitution orders of $3,000 per victim in cases where the defendant merely possessed and did not produce or distribute child pornography. *United States v. Beckman*, 786 F.3d 672, 683 (8th Cir. 2015) (finding $3,000 per victim "an amount consistent with the awards in similar possession cases since *Paroline*"); *United States v. Evans*, 802 F.3d 942, 949–50 (8th Cir. 2015) (finding $3,250 appropriate for the defendant's possession of twenty videos and a few images featuring one victim). Moreover, Congress recently set $3,000 as the *minimum* restitution for each victim in child-pornography cases. *See* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299, § 3(a)(2)(B), 132 Stat. 4384 (2018) (codified at 18 U.S.C. § 2259(b)(2)(B)). While

---

[3]Section 2259 has since been amended. The subsections mentioned in this paragraph reflect the pre-amendment version of the statute, not the current version.

the $3,000-per-victim minimum was not implemented until after Green's plea, the district court found Congress's determination instructive.

The district court considered the losses incurred by the nine victims of child-pornography exploitation whose images and videos were found on Green's phone. It considered Green's impact on the victims. And it recognized Congress's determination that — in future cases — $3,000 of restitution per victim was reasonable. The district court therefore arrived at a restitution figure of $27,000: $3,000 for each of the nine victims. Moreover, the district court considered the proper factors when arriving at Green's sentence. *See* 18 U.S.C. § 3553(a). We detect no abuse of discretion in the district court's restitution order, nor do we find a clear error in its assessment of the proper restitution figure.

### III. Conclusion

The district court rightly denied Green's motion to suppress the child pornography evidence. It neither erred nor abused its discretion when sentencing him. We therefore affirm Green's conviction, sentence, and restitution order.

_____