# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2860

_____

United States of America

*Plaintiff - Appellee*

v.

Bradley Dean Mohring

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: April 16, 2020
Filed: July 7, 2020
[Unpublished]

_____

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.

_____

PER CURIAM.

Bradley Dean Mohring appeals the district court's[1] denial of his motion to suppress evidence, arguing that the search warrant for his residence was not supported by probable cause. We affirm.

## I. *Background*

On the morning of October 9, 2018, Officer Stephen Johnson of the Nashua Police Department learned that the Five Star Co-Op in Nashua, Iowa, had been burglarized. During the burglary, the perpetrator entered the building through a window and stole two computer towers. Video camera footage taken at 2:43 a.m. on October 9, 2018, from the Five Star Co-Op showed a dog—specifically, a boxer—on the side of the building, outside the door. The dog appeared to be on a leash. As the dog walked in an arc to the north, an unidentifiable person's hand and arm appeared. That person then led the dog out of the frame. The video footage captured only one other individual the night of the burglary. That person was identified as a company mechanic who was not seen near the building.

As part of the investigation, Chickasaw County Sheriff Martin Hemann spoke to Rodney Macomber, a local resident. Macomber reported that "he had seen an individual walking a dog on several occasions near the area." Government Ex. 2 at 5, *United States v. Mohring*, No. 6:19-cr-02002-CJW-MAR (N.D. Iowa Feb. 20, 2019), ECF No. 18-1. Officer Johnson also spoke with Macomber, who confirmed he had seen Mohring walking his dog regularly in the area and "described the dog in question, specifically, the [dog's] markings." *Id*. at 6. Officer Johnson reviewed the surveillance video from the Five Star Co-Op. Officer Johnson identified the dog on the video as a boxer and "positively identif[ied] the dog as belonging to Bradley Mohring." *Id*.

---

[1]The Honorable Charles J. Williams, United States District Judge for the Northern District of Iowa.

Officer Johnson is a resident of Nashua, a town of about 1,600 people, where he had been a patrol officer for four years at the time that he applied for the search warrant at issue in this case. He had two years experience as a canine handler, had grown up with dogs, and was familiar with boxers. Officer Johnson had also become familiar with residents of the small community. Officer Johnson was aware that Mohring advertised being an electric repairman and salesman. Mohring had a sign in his window advertising the service. Officer Johnson was also personally familiar with Mohring and his boxer. Officer Johnson had been involved in two previous searches at Mohring's residence. Officer Johnson "vividly recall[ed] the dog being present." *Id.* He also recalled Mohring calling the dog by name and speaking to it as if he were the dog's owner. Officer Johnson had regularly seen Mohring walking or driving around town with the boxer.

In addition to seeing Mohring with the boxer, Officer Johnson also saw Dale Brewer walking the same dog on the night before the alleged burglary near Mohring's residence. Officer Johnson learned that Brewer had been recently released from custody. Brewer temporarily lived with Mohring while a court order prevented him from returning to his usual residence. Officer Johnson confirmed Brewer was residing with Mohring by reviewing Brewer's state court criminal file in which Brewer reported Mohring's address as his place of residence.

Officer Johnson prepared an application for a search warrant to search Mohring's residence consistent with the aforementioned information. An Iowa state court judge signed the search warrant on October 9, 2018. Officers executed the search warrant the following day. During the search, officers discovered computer parts, including parts consistent with one of the towers of the Five Star Co-Op. Relevant to this appeal, they also found a .22 caliber rifle and ammunition. Mohring was a felon prohibited from possessing firearms; the rifle was located in his bedroom. Mohring stated that he lived alone, but he acknowledged that Brewer stayed with him for a short time.

Mohring was indicted for one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mohring moved to suppress the evidence seized from his residence. The magistrate judge conducted an evidentiary hearing on the motion. The government called Officer Johnson as a witness. Officer Johnson's testimony confirmed the facts contained in the affidavit in support of the search warrant. The magistrate judge credited Officer Johnson's testimony and found that his "affidavit in support of the . . . search warrant established probable cause to believe evidence relating to the burglary of the co-op would be found upon searching [Mohring's] residence." *United States v. Mohring*, No. 19-CR-2002-CJW, 2019 WL 3368910, at *6 (N.D. Iowa Apr. 9, 2019), *report and recommendation adopted in part*, *rejected in part*, No. 19-CR-2002-CJW-MAR, 2019 WL 2435680 (N.D. Iowa June 11, 2019). Alternatively, the magistrate judge found "that the *Leon* good-faith reliance exception[2] to the exclusionary rule applies." *Id.* at *9. The district court adopted the magistrate judge's report and recommendation in part and denied Mohring's motion to suppress. *Mohring*, 2019 WL 2435680, at *5.

After the district court denied his motion, Mohring conditionally pleaded guilty to being a felon in possession. The district court sentenced him to 12 months' imprisonment.

## II. *Discussion*

On appeal, Mohring argues that the district court erroneously denied his motion to suppress. Mohring argues that the following facts contained in the search warrant affidavit were insufficient to establish probable cause to search his residence: (1) his dog was seen in the area the night of the burglary, and (2) he was known to work on computers. He contends that because the search warrant was so lacking in probable cause, law enforcement's reliance on the warrant was unreasonable and the *Leon* good-faith exception does not apply.

---

[2]*United States v. Leon*, 468 U.S. 897 (1984).

"We review the district court's factual determinations in support of its denial of a motion to suppress for clear error and its legal conclusions de novo." *United States v. Green*, 954 F.3d 1119, 1123 (8th Cir. 2020) (internal quotation omitted). "A credibility determination made by a district court after a hearing on the merits of a motion to suppress is virtually unassailable on appeal." *United States v. Dunn*, 928 F.3d 688, 693 (8th Cir. 2019) (cleaned up).

"Under the Fourth Amendment, search warrants must be supported by probable cause." *Green*, 954 F.3d at 1122 (citing U.S. Const. amend. IV). "Probable cause exists, if under the totality of the circumstances, a showing of facts can be made sufficient to create a fair probability that evidence of a crime will be found in the place to be searched." *Id.* at 1123 (internal quotations omitted). "[P]robable cause may be established by the observations of trained law enforcement officers or by circumstantial evidence . . . ." *United States v. Jeanetta*, 533 F.3d 651, 654 (8th Cir. 2008) (internal quotation omitted).

Our task is to "determine whether the warrant's issuing court had a substantial basis for finding probable cause." *Green*, 954 F.3d at 1123. "Judges may draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a warrant." *United States v. Wallace*, 550 F.3d 729, 732 (8th Cir. 2008) (per curiam) (internal quotation omitted). "When the issuing judge relied solely upon the supporting affidavit to issue the search warrant, only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." *United States v. O'Dell*, 766 F.3d 870, 874 (8th Cir. 2014) (per curiam) (cleaned up). Our court affords "great deference to the issuing court's probable-cause determination." *Green*, 954 F.3d at 1123.

Here, the district court credited the testimony of Officer Johnson, including his identification of the dog as Mohring's boxer. *See Dunn*, 928 F.3d at 693. Officer Johnson testified consistently with the facts set forth in the search warrant affidavit.

*See O'Dell*, 766 F.3d at 874. In that affidavit, Officer Johnson did more than simply aver that Mohring's dog was seen in the area the night of the burglary and that Mohring worked on computers. Rather, Officer Johnson averred that there was only *one person* known to be near the Five Star Co-Op at the time of the burglary—whomever was walking the boxer. Officer Johnson positively identified the boxer as Mohring's dog. Officer Johnson averred that both Mohring and his roommate had been seen walking the boxer in the area. The affidavit further provided that Mohring also lived nearby and operated a business selling the types of items that were stolen. In their totality, these facts sufficiently established probable cause to search Mohring's residence for evidence connected to the burglary. Because probable cause existed, the district court did not err in denying Mohring's motion to suppress.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____