# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2437

_____

United States of America

*Plaintiff - Appellee*

v.

Gilbert Oliver Crow Eagle, Jr.,
also known as Leonard Oliver

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: December 13, 2012
Filed: January 30, 2013
[Published]

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Gilbert Oliver Crow Eagle, Jr. was convicted on two counts of aggravated sexual abuse of a child and two counts of abusive sexual contact, in violation of 18 U.S.C. §§ 1153, 2244(a)(1), 2246(2)(A), 2246(2)(C), 2246(3), and 2241(c).  Crow

Eagle appeals, claiming the district court[1] abused its discretion in admitting evidence of prior sexual assaults, and excluding evidence of past sexual allegations by the victims and a witness. He also attacks the sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Crow Eagle's victims are two of his nieces, Shannon and Dusti Oliver. At trial, Shannon testified that one night – sometime in the 1991 to 1993 timeframe, when she was eight to nine years old – he rubbed Shannon's vaginal area over her clothing. Dusti testified that from 1998 to 1999, when she was six to seven years old, Crow Eagle rubbed her vaginal area over her clothing on numerous occasions. The abuse escalated to sexual intercourse, followed by intimidation to keep Dusti silent.

Carlene Oliver, Jerilee Oliver, and Jamie Oliver testified about similar abuse by Crow Eagle. His younger sister, Carlene, testified that he began sexually abusing her when she was six or seven. It occurred more times than she could remember until she turned 18. Jerilee, Crow Eagle's niece, stated that he sexually abused her on more than 20 occasions beginning when she was seven years old. Jamie, yet another niece, testified that he tried to sexually assault her when she was 11.

Over Crow Eagle's objection, the district court admitted this testimony. The court also prohibited him from introducing evidence of alleged prior false sexual-assault accusations from Shannon, Dusti, and Jerilee. The jury found Crow Eagle guilty.[2] The district court sentenced Crow Eagle to 192 months' imprisonment.

_____

[1]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

[2]Crow Eagle was acquitted on Count 5 – an alleged sexual assault of Britney Sharpfish.

II.

Crow Eagle contends that the district court abused its discretion by allowing evidence of prior sexual assaults against other family members. "In a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault." Fed. R. Evid. 413(a). "In a criminal case in which the defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation." Fed. R. Evid. 414(a). The purpose of this evidence is to show the defendant's propensity to commit a similar act of sexual assault. *United States v. Hollow Horn*, 523 F.3d 882, 888 (8th Cir. 2008).

Propensity evidence is admissible if the defendant's conduct is similar to the charged conduct, as long as the evidence is not unfairly prejudicial. *Id.* The district court must first determine if the prior sexual assault is relevant and then whether it would be more probative than prejudicial under Rule 403. *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001); Fed. R. Evid. 403.

A.

This propensity evidence "may be considered on any matter to which it is relevant." Fed. R. Evid. 413(a), 414(a). "A relevant sexual assault is one committed in a manner similar to the charged offense." *United States v. Rodriguez*, 581 F.3d 775, 796 (8th Cir. 2009). There is no time limit on the admission of prior-sexual-assault evidence. *Hollow Horn*, 523 F.3d at 888-89.

Here, the district court correctly ruled that the testimony of Carlene, Jamie, and Jerilee Oliver is relevant due to the similarity of the sexual abuse. When allegedly abused, each was a younger family member of Crow Eagle between six and eleven years old. Moreover, the methods of assault were similar, all involving inappropriate

touching. *See Gabe*, 237 F.3d at 959 ("Both were young girls of six or seven years at the time of the offenses; both were related to Gabe; and the sexual nature of the offenses was similar."). The district court correctly ruled that the testimony of Carlene, Jerilee, and Jamie Oliver was relevant under Rule 413 and Rule 414.

B.

The district court properly ruled this testimony to be more probative than prejudicial. Rule 403 is designed to exclude instances of *unfair* prejudice (evidence suggesting a decision on an improper basis), keeping in mind that the purpose of Rules 413 and 414 is to permit propensity evidence. *Gabe*, 237 F.3d at 959-60. The district court's balance of the prejudicial and probative impacts of evidence is accorded "great deference." *United States v. Pumpkin Seed*, 572 F.3d 552, 558 (8th Cir. 2009).

The district court limited the number of Rule 413 and Rule 414 witnesses and included cautionary jury instructions with respect to the testimony from Carlene, Jerilee, and Jamie Oliver. Only testimony from victims who were children when abused was admitted; testimony from adult victims was barred due to dissimilarity from the charges here (the district court judge remarking that "at some point it does seem enough is enough"). This limitation and the cautionary jury instructions indicate that the district court properly balanced the probative value of the evidence with the risk of unfair prejudice. *See United States v. Carter*, 410 F.3d 1017, 1022 (8th Cir. 2005) ("The district court, moreover, decided to limit the number of witnesses that the government could offer and to give the jury a cautionary instruction with respect to how the witnesses' testimony should be used."). "Moreover, '[b]ecause the evidence [of prior abuse] was so similar to [one of] the acts charged, it would not be so facially inflammatory as to unduly divert attention from the issues of the case.'" *Gabe*, 237 F.3d at 960 (alterations in original) (quoting *United States v. Butler*, 56 F.3d 941, 944 (8th Cir.1995)).

The district court did not abuse its discretion by admitting the testimony of Carlene, Jamie, and Jerilee Oliver.

III.

Crow Eagle sought to introduce evidence of prior (allegedly false) sexual-assault allegations from Shannon, Dusti, and Jerilee Oliver. He argues that the district court abused its discretion by excluding this evidence under Rule 412. Rule 412 prohibits the admission of evidence intended to "prove that a victim engaged in other sexual behavior" or "prove a victim's sexual predisposition" in cases involving sexual-assault charges. Fed. R. Evid. 412(a)(1), (2). "In the absence of an applicable exception, Rule 412 'specifically bars admission of evidence of the past sexual behavior of an alleged rape victim.'" *United States v. White Buffalo*, 84 F.3d 1052, 1054 (8th Cir. 1996) (quoting *United States v. Blue Horse*, 856 F.2d 1037, 1040 (8th Cir. 1988)).

There are several exceptions to this rule of exclusion. *See* Fed. R. Evid. 412(b). Relevant here is "evidence whose exclusion would violate the defendant's constitutional rights." Fed. R. Evid. 412(b)(1)(C). Crow Eagle contends that the exclusion of the prior allegations violates his Sixth Amendment right of confrontation. The right of confrontation, however, does not permit the impeachment of a victim with (alleged) prior false allegations if their probative value is weak. *United States v. Tail*, 459 F.3d 854, 860 (8th Cir. 2006); *United States v. Bartlett*, 856 F.2d 1071, 1088-89 (8th Cir. 1988).

The district court correctly noted that Crow Eagle offers no evidence of the falsity of Dusti, Shannon, and Jerilee Oliver's allegations of sexual assault by other men. He relies on the long time span between the alleged assaults and reports, as well as the lack of prosecution. "A conclusion that [the] unadjudicated accusation[s] . . . [were] untrue, however, would have required the jury to rely on sheer speculation."

*United States v. Withorn*, 204 F.3d 790, 795 (8th Cir. 2000). The evidence of falsity is weak, and admission of this evidence "would have triggered mini-trials concerning allegations unrelated to [Crow Eagle]'s case, and thus increased the danger of jury confusion and speculation." *Tail*, 459 F.3d at 861. Similar to the defendant in *Tail*, Crow Eagle provided "no firm proof of the falsity" of the previous allegations. *Id.*

Crow Eagle's claim that he had no opportunity to question Dusti, Shannon, and Jerilee Oliver's credibility about the allegations of sexual abuse by others is not supported by the record. Crow Eagle's attorney questioned them in pretrial hearings, asking about other incidents of abuse.

The district court did not abuse its discretion or violate Crow Eagle's Sixth Amendment rights by excluding witnesses' prior sexual-assault allegations.

IV.

Crow Eagle asserts that the district court abused its discretion by imposing a 192-month sentence, within the advisory sentencing guideline range of 188 to 235 months. "[W]hen a district court is aware of its discretion to depart downward and elects not to exercise this discretion, then that decision is unreviewable." *United States v. Watson*, 480 F.3d 1175, 1177 (8th Cir. 2007). To the extent that Crow Eagle requested a variance, the denial is reviewed "for reasonableness, a standard similar to the abuse of discretion standard." *United States v. Garlewicz*, 493 F.3d 933, 938 (8th Cir. 2007). Because Crow Eagle's sentence was within the guideline range, the sentence is presumptively reasonable on appeal. *Rita v. United States*, 551 U.S. 338, 341 (2007).

Crow Eagle requested a downward departure or variance from the guideline range due to his age, 58, and health concerns. The district court demonstrated awareness of its discretion to depart downward by recognizing that the guidelines are

advisory, not mandatory. The decision to not depart is unreviewable. *See Watson*, 480 F.3d at 1177. Further, the district court considered all relevant factors in arriving at its sentence, including Crow Eagle's age and medical condition. The court recommended that he serve his sentence in a federal medical center. The district court did not abuse its discretion because it weighed the appropriate factors and did not commit a clear error of judgment. *United States v. Williams*, 624 F.3d 889, 896-97 (8th Cir. 2010) ("An abuse of discretion occurs when: (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment.").

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____