# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3364
_____

United States of America

*Plaintiff - Appellee*

v.

Maksim Stefanyuk

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls
_____

Submitted: October 18, 2019
Filed: December 11, 2019
_____

Before SMITH, Chief Judge, GRUENDER and BENTON, Circuit Judges.
_____

BENTON, Circuit Judge.

A jury convicted Maksim M. Stefanyuk of three counts of receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a).

The district court[1] sentenced him to 262 months' imprisonment. Stefanyuk appeals the denial of his motion to suppress and the admission of evidence about his prior child pornography conviction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In 2011, Stefanyuk pled guilty to possessing child pornography. In 2017, law enforcement discovered that someone residing in his house was viewing child pornography. Homeland Security Investigations Special Agent Charla Aramayo began physically surveilling the house. Eventually, she requested electronic video surveillance equipment ("EVSE") across the street. The South Dakota Division of Criminal Investigation installed a hidden pole camera 15 feet off the ground in a public right of way facing the house. The camera operated for two weeks; it could pan, tilt, and zoom, but not see inside the house. Initially, the recordings were saved, but they were lost before trial. Stefanyuk moved to suppress evidence obtained through the EVSE. The district court denied the motion.

I.

Stefanyuk believes the "warrantless long-term around-the-clock video recordings and surveillance of [his] home violated his Fourth Amendment rights."[2] This court affirms the denial of a motion to suppress "unless it is unsupported by substantial evidence, based on an erroneous interpretation of the law, or, based on the entire record, it is clear that a mistake was made." *United States v. Wells*, 347 F.3d

---

[1] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

[2] Stefanyuk moved to suppress evidence from the EVSE at trial. However, he did not challenge the validity of the search warrant obtained for his residence even though it was obtained, in part, based on observations from the EVSE.

280, 286 (8th Cir. 2003). This court reviews findings of fact for clear error and legal conclusions de novo. *United States v. Davis*, 569 F.3d 813, 816 (8th Cir. 2009).

The parties dispute whether the EVSE required a warrant and whether Stefanyuk's supervised-release status diminished his privacy expectations. This court need not decide these issues, however, because evidence from the EVSE did not sufficiently influence the jury, and any error was harmless. *See United States v. Davis*, 449 F.3d 842, 847 (8th Cir. 2006) ("An error is harmless if it does not affect substantial rights of the defendant, and did not influence or had only a slight influence on the verdict.") (cleaned up). *See also United States v. Martinez*, 462 F.3d 903, 910 (8th Cir. 2006) (statements should have been suppressed, but "[g]iven the other admissible evidence against Martinez, we find that failure to suppress these statements did not sufficiently influence the jury to merit our reversal, and thus was harmless error").

The only trial evidence from the EVSE was testimony from Agent Aramayo that she saw Stefanyuk "arriving at the residence in a vehicle at an early hour on two specific occasions." However, there was significant non-EVSE evidence showing he lived at that house: (1) Agent Aramayo testified that she drove by the house and saw him outside; (2) employment and internet subscriber records listed his address; (3) law enforcement testified that he lived at the same address in 2011 when he was convicted of possessing child pornography; and (4) he was present at the house when officers executed the search warrant. Given all the evidence, the failure to suppress the EVSE "did not sufficiently influence the jury to merit . . . reversal, and thus was harmless error." *Id.*

II.

Stefanyuk contends the district court erred in admitting evidence, specifically testimony of an investigating officer, about his prior child pornography conviction.

This court reviews evidentiary rulings for abuse of discretion. ***United States v. Holy Bull***, 613 F.3d 871, 873 (8th Cir. 2010). "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." **Fed. R. Evid. 414(a)**. Offenses of "child molestation" include possession of child pornography. *See* **Fed. R. Evid. 414(d)(2)(B)** (holding that "child molestation" includes "any conduct prohibited by 18 U.S.C. chapter 110"). This court has upheld the admission of Rule 414(a) evidence when it is "strikingly similar" to the crime charged. ***United States v. Summage***, 575 F.3d 864, 878 (8th Cir. 2009). Here, the district court thoroughly considered the admissibility of the evidence about Stefanyuk's prior child pornography conviction, finding it was "basically the same crime, the same criminal type of conduct."

The district court also found the evidence admissible under Rule 404(b) which permits the admission of evidence of other crimes or similar acts if relevant to establish motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. **Fed. R. Evid. 404(b).** Rule 404(b) is a rule of inclusion; the district court has broad discretion to admit Rule 404(b) evidence. *See* ***United States v. Butler***, 56 F.3d 941, 944-45 (8th Cir. 1995) (holding that evidence of defendant's prior, uncharged sexual contact with victim was admissible). Here, the government offered evidence of Stefanyuk's previous child pornography conviction, including testimony of the investigating officer, to show motive, opportunity, knowledge, and absence of mistake. The district court did not abuse its discretion in admitting the evidence.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

-4-