# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1321
_____

United States

*Plaintiff - Appellee*

v.

Roger Erick Splettstoeszer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: March 12, 2020
Filed: April 15, 2020

_____

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.

_____

GRASZ, Circuit Judge.

Roger Splettstoeszer was charged with distribution, possession, and receipt of child pornography. At trial, the district court[1] admitted evidence that Splettstoeszer had sexually abused his daughter and stepdaughter years prior. He was convicted and

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

sentenced to 210 months of imprisonment. Splettstoeszer appeals both the conviction and the sentence. We affirm.

## I. Background

Roger Splettstoeszer owned a computer repair shop in Aitkin, Minnesota. FBI agents determined that child-pornography files were being downloaded and shared from the computer shop's IP address. The agents obtained a warrant to search the shop and seize any electronic devices that might contain child pornography.

After executing the warrant, the FBI agents found hundreds of child-pornography videos and images stored on the electronic devices in Splettstoeszer's shop. As the FBI agents soon discovered, Splettstoeszer's computer files, internet history, and file-sharing data indicated pornographic content related to pre-pubescent girls and father-daughter incest.

At trial, the government sought to introduce evidence that Splettstoeszer had pled guilty to molesting his daughter and stepdaughter in the 1990s. Splettstoeszer objected, arguing the evidence was inadmissible under Federal Rules of Evidence 404 and 414. The district court rejected Splettstoeszer's argument and admitted the evidence. Ultimately, the jury found Splettstoeszer guilty of child pornography distribution under 18 U.S.C. § 2252(a)(2) and (b)(1), receipt of child pornography under 18 U.S.C. § 2252(a)(2) and (b)(1), and possession of child pornography under 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

In accord with the United States Sentencing Guidelines ("Guidelines"), the government recommended a 1,440-month prison sentence for Splettstoeszer's crimes. The district court acknowledged this harsh recommendation, but imposed instead a sentence of 210 months of imprisonment.

## II. Analysis

Splettstoeszer raises two issues on appeal. First, he challenges the district court's admission of evidence disclosing his past sexual crimes. Second, he challenges the reasonableness of his sentence. We address his arguments in turn.

## A. Admissibility Under Rule 414

The district court found the evidence of Splettstoeszer's prior sexual abuse convictions admissible. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Emmert*, 825 F.3d 906, 909 (8th Cir. 2016).

According to Federal Rule of Evidence 414, when a criminal defendant is accused of child molestation — including child-pornography crimes under 18 U.S.C. chapter 110 — "the court may admit evidence that the defendant committed any other child molestation." Fed. R. Evid. 414(a), (d)(2)(B). "The evidence can be used for any purpose for which it is relevant, 'including the defendant's propensity to commit such offenses.'" *Emmert*, 825 F.3d at 909 (quoting *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001)). However, the balancing test described in Federal Rule of Evidence 403 still applies to evidence admissible under Rule 414. *United States v. Furman*, 867 F.3d 981, 988 (8th Cir. 2017). That is, the district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Our decision in *Emmert* is on point. In *Emmert*, the defendant was charged with child-pornography crimes. 825 F.3d at 908. Under Rule 414, the district court admitted evidence that the defendant had sexually abused minors twenty years prior. *Id.* To prevent unfair prejudice under Rule 403, the district court issued a limiting instruction to the jury. *Id.* On appeal, the defendant argued his prior sexual-abuse

conviction was too remote from and dissimilar to the presently-charged child-pornography crimes. *Id.* at 909. Splettstoeszer's case presents us with the same scenario.

Splettstoeszer nevertheless argues the evidence is inadmissible and unfairly prejudicial. According to Splettstoeszer, his previous conviction was not probative of a material issue at trial. We disagree. Evidence of his past child molestation is particularly probative insofar as his conduct — sexually abusing his daughter and stepdaughter — tracks the father-daughter-incest files and searches on his computers. *See Furman*, 867 F.3d at 988 (finding the defendant's past sexual assault of his children probative of his interest, intent, and motive for distributing, receiving, and possessing child pornography). Moreover, Rule 414 evidence can be used to show a defendant's propensity to be sexually interested in minors. *See Emmert*, 825 F.3d at 909. And while Rule 403 cautions against creating "*unfair* prejudice," prejudicial Rule 414 evidence indicating the defendant's propensity to sexually exploit children is not, in itself, unfair. Fed. R. Evid. 403 (emphasis added); *see United States v. Hollow Horn*, 523 F.3d 882, 888 (8th Cir. 2008); *see also Furman*, 867 F.3d at 988. We therefore find no abuse of discretion.

### B. Reasonableness of Splettstoeszer's Sentence

Splettstoeszer contends that his 210-month sentence is substantively unreasonable. "We review all sentences, whether inside or outside the Guidelines range, under a deferential abuse of discretion standard." *United States v. Pepper*, 518 F.3d 949, 951 (8th Cir. 2008). "[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Spencer*, 700 F.3d 317, 322 (8th Cir. 2012) (quoting *United States v. Moore*, 581 F.3d 681, 684 (8th Cir. 2009)).

We regularly uphold sentences similar to Splettstoeszer's for child-pornography convictions. *See, e.g.*, *United States v. Sebert*, 899 F.3d 639, 640–41 (8th Cir. 2018) (affirming 240-month sentence); *Emmert*, 825 F.3d at 908, 910 (same); *United States v. Moore*, 572 F.3d 489, 490, 492 (8th Cir. 2009) (affirming 210-month sentence).

But Splettstoeszer claims the district court was influenced by the unduly harsh Guidelines-recommended sentence proposed by the government. The Guidelines, he argues, unfairly generate steep penalties for child pornographers and get in the way of individualized sentencing. And the government, he insists, wanted a long sentence to punish him for his largely unpunished crimes against his daughter and stepdaughter. Contrary to Splettstoeszer's claims, however, the district court provided an individualized sentence. Relying on the factors outlined in 18 U.S.C. § 3553(a) — and never indicating a desire to punish Splettstoeszer for other crimes — the court varied downward considerably from the sentence recommended by both the Guidelines and the government. It did not abuse its discretion.

## III. Conclusion

The district court did not abuse its discretion by admitting the Rule 414 evidence, nor did it abuse its discretion at sentencing. We therefore affirm both Splettstoeszer's conviction and sentence.

_____