# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-3484

_____

United States of America

*Plaintiff - Appellee*

v.

Eric Scott Kindley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: September 23, 2022
Filed: November 28, 2022
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

A jury found Eric Scott Kindley guilty of depriving A.M. and E.S. of their right to bodily integrity while he was acting under the color of law, in violation of 18 U.S.C. § 242, and with possessing a firearm in furtherance of his sexual assault of

E.S., in violation of 18 U.S.C. § 924(c)(1)(A). He argues that the district court[1] abused its discretion in admitting certain evidence under Federal Rules of Evidence 413 and 404(b). We affirm.

Kindley, the owner of a Nevada-based inmate transport company, transported individuals arrested on out-of-state warrants to the jurisdictions in which they faced criminal charges. During his transport of A.M. in February 2014, Kindley stopped in Arkansas, where he forced the handcuffed and shackled A.M. to perform oral sex on him by grabbing her hair, pulling her toward him, forcing her face onto his erect penis, and pushing her head until he ejaculated in her mouth.

During his transport of E.S. in January 2017, Kindley repeatedly put his hand on the gun that was holstered on his right hip. After E.S. said she needed to use the bathroom, they stopped in Arkansas, where Kindley removed the handcuff from E.S.'s right wrist and instructed her to urinate near the van. Kindley thereafter slammed her against the van, grabbed her breast, digitally penetrated her vagina, and pressed his erect penis against her abdomen. Before demanding oral sex, he threatened her by saying "all it takes is one bullet to the head." After E.S. refused his demand, Kindley again slammed her against the van and put his hand over his gun. In response to E.S.'s shouts, coyotes howled and a nearby house's porch lights lit up, whereupon Kindley ordered E.S. to "[g]et in the f . . . ing van." Other than her freed right hand, E.S. remained handcuffed and shackled throughout the assault.

Before trial, the government identified seven women who would testify that they had been sexually assaulted by Kindley, together with eight women who would testify that, although Kindley had not sexually assaulted them, he had subjected them to a pattern of conduct similar to that which A.M. and E.S. had experienced. Kindley

[1]The Honorable D.P. Marshall Jr., Chief Judge, United States District Court for the Eastern District of Arkansas.

objected to the evidence, arguing that it would deny him a fair trial. He asked that the evidence be excluded entirely or, in the alternative, significantly limited.

The district court determined that evidence of prior sexual assaults was admissible under Rule 413 and that evidence of prior bad acts was admissible under Rule 404(b). The court weighed the probative value of the evidence against the danger of unfair prejudice, of confusing the issues, and of needlessly prolonging the trial with cumulative evidence. See Fed. R. Evid. 403. The court ultimately decided to exclude the testimony of certain witnesses and limit the number of witnesses who could testify under Rules 413 and 404(b), explaining that "[t]he issue here is volume." D. Ct. Order of Nov. 21, 2019, at 4.

In addition to A.M. and E.S., two Rule 413 witnesses and two Rule 404(b) witnesses testified at trial. Like A.M. and E.S., the Rule 413 witnesses testified that Kindley had commented on their appearances and shared unsolicited stories about his sexual encounters with other passengers; he then drove them to remote, isolated areas after the women had asked to use the bathroom; he forced the women to perform oral sex on him, repeatedly telling them that he knew people in power and "what happens in the van stays in the van"; and he gestured toward his gun. The Rule 404(b) witnesses testified that Kindley had engaged in similar conduct but had not sexually assaulted them. The district court issued a cautionary instruction before each of the Rule 413 and 404(b) witnesses testified and again before closing arguments. Following the guilty verdict, Kindley was sentenced to concurrent terms of life imprisonment on the deprivation-of-rights counts and a consecutive five-year term of imprisonment on the firearm count.

Rule 413 provides that in sexual assault cases, "evidence that the defendant committed any other sexual assault" may be admitted and considered "on any matter to which it is relevant." Rule 404(b) provides that evidence of a defendant's prior bad acts is not admissible to prove a defendant's propensity to commit crime, but may

be admissible for "another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." While he does not dispute the admissibility of the testimony under Rules 413 and 404(b), Kindley contends that the district court should have excluded the testimony or further reduced the number of witnesses under Rule 403 because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. We review the district court's evidentiary rulings for abuse of discretion. United States v. Crow Eagle, 705 F.3d 325, 328 (8th Cir. 2013) (per curiam).

We find no abuse of discretion in the district court's balancing of the probative value and prejudicial impact of the Rule 413 and 404(b) evidence. With respect to probative value, the Rule 413 witnesses' testimony helped establish that Kindley had a propensity to commit sexual assaults against the women in his custody during their transport to an out-of-state facility. The Rule 404(b) witnesses' testimony tended to show that Kindley's offense conduct was willful and that he had motive and opportunity to commit the offenses. The disputed testimony thus helped the jury answer the question posed by defense counsel during opening statement: "Do you believe that these acts happened as described, or is this just blown out of proportion?"

That the Rule 413 evidence tended to show Kindley's propensity to commit sexual assaults does not establish that the evidence was unfairly prejudicial, for it does not suggest a decision on an improper basis. See United States v. Weber, 987 F.3d 789, 793 (8th Cir. 2021) ("Evidence of propensity admitted under Rules 413 and 414 is not an 'improper basis' upon which a jury could rely, and thus not unfairly prejudicial in this case."); United States v. Gabe, 237 F.3d 954, 960 (8th Cir. 2001) ("Because propensity evidence is admissible under Rule 414, this is not *unfair* prejudice."). Nor was the Rule 404(b) evidence unfairly prejudicial, particularly in light of the district court's repeated cautionary instructions. See Weber, 987 F.3d at 793–94 ("[T]he potential for unfair prejudice was greatly reduced where, as here, the district court gave a limiting instruction.").

Kindley argues that the number of Rule 413 and 404(b) witnesses rendered his conviction "a foregone conclusion," because "[t]here were twice as [many] other crime victims as victims in the indictment." Appellant's Br. 14–15. The district court carefully considered the impact of witnesses' testimony. It found that "individually, no account is so unfairly prejudicial or problematic that it requires exclusion under Rule 403." D. Ct. Order of Nov. 21, 2019, at 4. It also recognized, however, "an issue of diminishing evidentiary returns—each additional account carries a bit less probative value, but a bit more prejudice to Kindley." Id. The district court acted well within its discretion when it decided to exclude certain witnesses and limit the number of Rule 413 and Rule 404(b) witnesses. See Crow Eagle, 705 F.3d at 328 ("This limitation and the cautionary jury instructions indicate that the district court properly balanced the probative value of the evidence with the risk of unfair prejudice.").

Circuit precedent forecloses Kindley's argument that Rule 413 violates his constitutional right to due process. United States v. Mound, 149 F.3d 799, 801 (8th Cir. 1998) ("Rule 413 does not violate the Due Process Clause."). Kindley's request to file a pro se supplemental brief is denied. The judgment is affirmed.

_____