# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1305

_____

United States of America

*Plaintiff - Appellee*

v.

Gene Paul Schave

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 20, 2022
Filed: December 16, 2022

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Gene Paul Schave was convicted by a jury of his peers for possession of child pornography. Schave challenges the district court's[1] denial of his motion to suppress and admission of certain evidence. We affirm.

_____

[1]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Becky R. Thorson, United States Magistrate Judge for the District of Minnesota.

# I. Background

The Minneapolis Police Department received Cybertips[2] connecting child pornography to a residence on Como Avenue in Minneapolis. The tips were generated by the computer search engine Microsoft Bing, which flagged eight images as matching child-exploitation images. Those images were associated with four IP addresses[3] assigned to Paul Sutton at the Como residence.

Minneapolis Police Officer Dale Hanson began to investigate. Officer Hanson confirmed that Sutton lived at the Como residence. But he discovered Schave lived there, too. Officer Hanson learned Sutton had a previous conviction for molesting a child, and Schave had a previous conviction for possession of child pornography. Officer Hanson also noticed a room at the Como residence was available for rent.

Based on his extensive experience investigating internet exploitation of children, Officer Hanson suspected the Como residence was being used to access child pornography. Officer Hanson submitted a search warrant application alongside an affidavit to a Minnesota state court. The state judge then issued a warrant to search the Como residence. Law enforcement executed the warrant and found child pornography on an electronic tablet that was plugged in and placed inside the nightstand next to Schave's bed. Schave was indicted for possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

Schave filed a motion to suppress evidence gathered during the search. After a hearing on the motion, the magistrate judge concluded there was no Fourth

---

[2]Cybertips are reports generated by an online service provider that illegal activity is taking place on its network.

[3]An IP address is a unique numerical label associated with a device connected to the internet.

Amendment violation. Over Schave's objections, the district court adopted the recommendation and denied the motion to suppress.

The government later filed a motion in limine. It sought to introduce evidence under Rule 414 of the Federal Rules of Evidence, including Schave's prior conviction for possession of child pornography and past admissions of molesting children. Over Schave's objections, the district court admitted almost all the evidence. A jury ultimately found Schave guilty of possessing child pornography.

## II. Analysis

Schave timely appealed the denial of his motion to suppress and the admission of evidence under Rule 414.

## A. Motion to Suppress

Schave first challenges the district court's denial of his motion to suppress, arguing the warrant was not sufficiently particular and lacked the requisite nexus. We review the district court's factual findings for clear error and the ultimate conclusion of whether the Fourth Amendment was violated de novo. *United States v. Hay*, 46 F.4th 746, 750 (8th Cir. 2022).

We begin with particularity. Schave argues the warrant runs afoul of the Fourth Amendment because it did not particularly describe the place to be searched. Instead of authorizing a search of the Como residence, Schave insists the Fourth Amendment required the issuing judge to limit the warrant to Sutton's room. We disagree.

The Fourth Amendment provides "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched." U.S. Const. amend. IV. "The Fourth Amendment's particularity requirement is a standard of practical accuracy rather than a hypertechnical one."

-3-

*United States v. Maccani*, 49 F.4th 1126, 1131 (8th Cir. 2022) (cleaned up) (quoting *United States v. Summage*, 481 F.3d 1075, 1079 (8th Cir. 2007)). We consider "the purpose for which the warrant was issued, the nature of the items to which it is directed, and the total circumstances surrounding the case." *United States v. Fiorito*, 640 F.3d 338, 346 (8th Cir. 2011) (quoting *Milliman v. Minnesota*, 774 F.2d 247, 250 (8th Cir. 1985)).

Here, the warrant authorized law enforcement to search the Como residence. The primary purpose of the warrant was to search the property for child pornography because there were four IP addresses flagged for child pornography that were connected to the physical address. While the IP addresses were registered to Sutton, Officer Hanson's affidavit explained it is common for one resident to pay for the internet while other residents use it. Given the number of IP addresses and the reality that child pornography is frequently stored in digital format, there was a fair probability that child pornography would be located on multiple devices within the Como residence. Most importantly here, Officer Hanson's affidavit informed the court that two different men who lived at the address were registered sex offenders, including Schave, who had a prior conviction for possessing child pornography.

Schave nonetheless insists the warrant was improper because Officer Hanson should have investigated whether anyone other than Sutton had access to the entire property and internet. Adopting this reasoning despite the quantity and substance of evidence before the state judge in this child pornography case would risk turning the Fourth Amendment into a hypertechnical exercise. Doing so would also verge on demanding perfection before obtaining a warrant—a measure the Fourth Amendment does not demand. *See United States v. Pitts*, 173 F.3d 677, 680 (8th Cir. 1999).

Schave next analogizes rented rooms within the dwelling to apartment units. *See Maryland v. Garrison*, 480 U.S. 79, 85 (1987). He reasons the warrant was unconstitutional because it did not limit the search to Sutton's room. To be sure, the necessary degree of specificity under the Fourth Amendment depends on the

-4-

circumstances. *United States v. James*, 3 F.4th 1102, 1106 (8th Cir. 2021). And it is true that what once was a single-family home can be converted to contain separate living units. But under these circumstances, we are satisfied the search warrant did not violate the Fourth Amendment's particularity requirement by authorizing a search of the entire residence.

For similar reasons, we reject Schave's argument that there was not a sufficient nexus between the child pornography and the Como residence. Our precedent requires "a 'nexus' between the evidence to be seized and the place to be searched, considering 'the nature of the crime and the reasonable, logical likelihood of finding useful evidence.'" *United States v. Smith*, 21 F.4th 510, 515 (8th Cir. 2021) (quoting *United States v. Johnson*, 848 F.3d 872, 878 (8th Cir. 2017)). "The question is whether there was a reasonable probability that evidence of child-pornography crimes would be found on the electronic devices . . . inside the house." *United States v. Green*, 954 F.3d 1119, 1123 (8th Cir. 2020). Under these standards, we previously rejected a nexus argument when law enforcement obtained a search warrant after an account requested child pornography, that account was affiliated with an IP address, and that IP address was registered to the address law enforcement searched. *Id.*

In this case, multiple child pornography images were flagged by a search engine, those images were affiliated with four IP addresses, and those IP addresses were registered to the address that was searched. In addition, the state court was aware that Schave had a previous conviction for possession of child pornography and lived at the address flagged for child pornography. Considering these circumstances, we conclude there was a sufficient nexus between the evidence to be seized and the place to be searched.

In sum, the district court did not err by denying Schave's motion to suppress.

## B. Admission of Evidence

Schave also challenges the district court's admission of evidence under Rule 414 of the Federal Rules of Evidence. Evidentiary rulings are reviewed for abuse of discretion. *United States v. Weber*, 987 F.3d 789, 793 (8th Cir. 2021). A district court's interpretation and application of the rules of evidence are reviewed de novo. *United States v. Willins*, 992 F.3d 723, 726 (8th Cir. 2021).

Rule 414(a) provides: "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation." Fed. R. Evid. 414(a). Here, the charged crime of possession of child pornography falls under Rule 414's definition of "child molestation." Fed. R. Evid. 414(d)(2)(B); 18 U.S.C. § 2252. If evidence falls under Rule 414(a), it can be used for any relevant purpose, including propensity to commit the offense and a sexual interest in minors. *United States v. Splettstoeszer*, 956 F.3d 545, 547 (8th Cir. 2020); *United States v. Bartunek*, 969 F.3d 860, 864 (8th Cir. 2020). Rule 414 reveals a "strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible." *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997).

Schave first argues the district court erred by admitting evidence he previously molested prepubescent girls and evidence related to his prior conviction for possession of child pornography. "Evidence of a prior child molestation is relevant if it was 'committed in a manner similar to the charged offense.'" *United States v. Emmert*, 825 F.3d 906, 909 (8th Cir. 2016) (quoting *United States v. Never Misses A Shot*, 781 F.3d 1017, 1027 (8th Cir. 2015)).

We have affirmed a district court's admission of Rule 414 evidence of prior sexual abuse of minor females in a child pornography case because the abuse was probative of the defendant's interest in underage girls. *Id.* In doing so, we relied on the similar ages of the sexual abuse victims and the girls depicted in the child pornography. *Id.* We also relied on evidence the defendant "performed or possessed

images depicting similar explicit acts on each victim." *Id.*; *see also Splettstoeszer*, 956 F.3d at 548 (observing the admitted Rule 414 evidence "tracks" the content of the child pornography).

The same reasoning applies here. The testimony at trial describes Schave abusing young females by touching or examining their genitalia. The indictment describes child pornography involving young females and similar conduct. Further, the district court "tempered the prejudicial effect of this evidence by providing a jury instruction on propensity evidence." *Emmert*, 825 F.3d at 909. We agree with the district court that, under these circumstances, evidence related to Schave's prior sexual abuse of young girls shows a sexual interest in prepubescent females.

We also agree with the district court that Schave's prior conviction for possession of child pornography has probative value because of its similarity to the charged offense. A prior offense must be "similar enough" to the charged crime so as "to be probative of the defendant's propensity to commit that specific offense." *United States v. Luger*, 837 F.3d 870, 874 (8th Cir. 2016). We have held, for example, a district court did not abuse its discretion by admitting evidence about a defendant's prior child pornography conviction because the prior conviction was "basically the same crime, the same criminal type of conduct." *United States v. Stefanyuk*, 944 F.3d 761, 764 (8th Cir. 2019). So too here. In 2010, Schave was convicted of possessing child pornography depicting prepubescent females, and those images were found on an electronic device in his bedroom. In this case, Schave was charged with possession of child pornography depicting prepubescent females, and those images were found on an electronic device in his bedroom.

Lastly, Schave insists the district court erred by allowing Rule 414 testimony that went "well beyond the mere fact" of his other acts and that delved "into the minute details." In other words, he believes the district court's balancing of Rules 403 and 414 resulted in the admission of unfairly prejudicial evidence.

A district court must balance admissible evidence under Rule 414 with Rule 403. *Splettstoeszer*, 956 F.3d at 547; *LeCompte*, 131 F.3d at 769. Under Rule 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. "Unfair prejudice means an undue tendency to suggest decision on an improper basis, including evidence which is so inflammatory on its face as to divert the jury's attention from the material issues in the trial." *United States v. Richardson*, 40 F.4th 858, 867 (8th Cir. 2022) (quoting *United States v. Huyck*, 849 F.3d 432, 440 (8th Cir. 2017)). A "district court's balance of the prejudicial and probative impacts of evidence is accorded great deference." *Never Misses A Shot*, 781 F.3d at 1027 (quoting *United States v. Crow Eagle*, 705 F.3d 325, 328 (8th Cir. 2013)). But that discretion is not unlimited. *See id.* at 1028 & n.6.

To decide whether a district court properly balanced the probative value of the proposed Rule 414 evidence with the risk of unfair prejudice under Rule 403, we consider whether the district court placed limits on the testimony and provided cautionary jury instructions. *Emmert*, 825 F.3d at 909; *Crow Eagle*, 705 F.3d at 328. The district court in this case issued cautionary jury instructions about the Rule 414 evidence. The district court also excluded one piece of evidence: Schave's sexual behavior while in treatment. And while the district court acknowledged evidence of prior sexual abuse presented a risk of unfair prejudice because the government already planned to introduce evidence regarding Schave's propensity, the district court ultimately admitted all the evidence related to Schave molesting children.

The government's presentation of Rule 414 evidence at trial was expansive, including four witnesses. Two of those witnesses provided straightforward Rule 414 testimony. Officer Hanson testified that he investigated Schave in 2010, discovered Schave was using peer-to-peer file sharing to distribute child pornography, located child pornography on Schave's computer, and learned Schave was ultimately convicted under state law for possession. Bobbie Chevalier-Jones testified that, as Schave's supervised release agent, she was familiar with his prior child pornography conviction and sexual interest in prepubescent girls.

The other two witnesses went beyond the mere presence of a conviction or Schave's sexual interests. Ann Moran, Schave's probation officer, described the images related to the prior conviction as depicting pubescent and prepubescent females. Schave told Moran that he searched for three- and four-year-old children but preferred eight- to twelve-year-old girls because of "their slim, undeveloped shape." Schave reported that he used the images for "arousal and masturbation purposes," viewing child pornography on "five to six sittings for ten to 12 hours per sitting, masturbating one to two times daily."

Moran then testified she asked Schave whether he had sexual contact with any minor. While he originally denied any such contact, Schave eventually admitted to multiple instances of molesting children. All victims were female and children of people Schave knew. Moran was permitted to describe each incident with each child in extended, sexually graphic, and inflammatory detail. The first victim was a five-year-old developmentally disabled female. Moran described Schave's multiple incidents of sexual contact with the child. A second victim was an eight-year-old female Schave abused on multiple occasions, a third victim was a seven-year-old female, and a fourth victim was a two- to three-year-old female.

Annette Maurer was the next witness who discussed evidence covered by Rule 414. Maurer was Schave's first supervised release agent. She described a letter, published to the jury, in which Schave apologized for lying to her and admitted he had "other undisclosed victims." The first victim discussed in the letter was a two- to three-year-old girl. The second was a nine-year-old girl, and the third was a four-year-old girl. Maurer, like Moran, provided graphic descriptions of the molestation.

We are troubled by the quantity and level of detail presented to the jury as Rule 414 evidence. While Schave's prior molestation was relevant for the purpose of establishing his sexual interest in prepubescent girls, the evidence went beyond the mere presence of his interest. *See United States v. Kelly*, 510 F.3d 433, 438 (4th Cir. 2007) (crediting the government's presentation of an official conviction record under Rule 414 rather than "inflammatory testimony"). When evaluating a district

-9-

court's balancing under Rules 403 and 414, the D.C. Circuit has considered, among other factors, whether the Rule 414 evidence was "especially graphic" in the context of the crimes for which the defendant was charged. *United States v. Lieu*, 963 F.3d 122, 128–29 (D.C. Cir. 2020). Here, the Rule 414 testimony included numerous graphic descriptions of child molestation after the government introduced evidence related to Schave's propensity to commit the offense and sexual interest in prepubescent females. These graphic descriptions present a particular risk of undue prejudice given the prior, uncharged sexual offenses are arguably more serious and therefore more prejudicial, *Luger*, 837 F.3d at 874, than the charged crime. *Cf. United States v. Thompson*, 653 F.3d 688, 692 (8th Cir. 2011) (noting distribution of child pornography "is a more serious offense than mere possession").

Even assuming the district court abused its discretion here, we conclude the error is harmless in light of the other overwhelming evidence of Schave's guilt. "We will not reverse a conviction if an error was harmless." *United States v. Petroske*, 928 F.3d 767, 771 (8th Cir. 2019) (alteration omitted) (quoting *United States v. Donnell*, 596 F.3d 913, 919 (8th Cir. 2010)). "The test for harmless error is whether the erroneous evidentiary ruling had a substantial influence on the jury's verdict." *Id.*; *see also* Fed. R. Crim. P. 52(a).

The electronic tablet containing thousands of child pornography images was plugged in and placed inside the nightstand next to Schave's bed. Schave acknowledged the tablet containing child pornography was his and that he did not have permission from his supervising authorities to possess one. He even admitted he used the tablet in the past, which is hardly surprising given Schave's other ties to the tablet. Schave also told the jury the tablet was plugged in as "an emergency backup."

Although Schave told the jury he had no idea the pornography was on the tablet, the jury considered other evidence painting a more complete picture. When Officer Hanson examined the tablet while executing the search warrant, a child pornography image immediately popped up. A forensic examination of the micro

SD card inside the tablet revealed child pornography, and some of the images were added years before Schave moved to the Como residence. Schave's personal documents were also on the tablet, which were added after child pornography. The child pornography also focused on prepubescent females, which matches the images involved in Schave's prior conviction and the victims of his molestation.

At trial Schave blamed Sutton, who Schave let use the tablet for three days. Schave, however, did not initially point to Sutton. Instead, when Officer Hanson originally asked Schave whether there was child pornography on any of his devices, he responded, "I don't know." After Schave was arrested, Chevalier-Jones told Schave there might be federal charges against him. Schave responded, "You know what's on there and I know what's on there and they know what's on there, so what's the point?" Schave told the jury he was not confessing to possession of child pornography. But he also admitted at trial that he lied on more than one occasion about molesting prepubescent females.

As this overview of the trial illustrates, the non-Rule 414 evidence connecting Schave to the child pornography on his tablet was overwhelming. And the government's case was only marginally strengthened by the excess propensity evidence. *See Never Misses A Shot*, 781 F.3d at 1028; *see also United States v. Piette*, 45 F.4th 1142, 1158 (10th Cir. 2022). We thus hold any error in admitting evidence under Rule 414 was harmless.

### III. Conclusion

The district court did not err in denying the motion to suppress, and any error in balancing Rules 403 and 414 of the Federal Rules of Evidence was harmless. We therefore affirm the judgment.

_____