# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2125
_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Michael Tucker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Western

_____

Submitted: April 15, 2025
Filed: October 8, 2025

_____

Before ERICKSON, ARNOLD, and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

Under the Federal Rules of Evidence, prosecuting with propensity evidence typically poses a problem. Not in a child-molestation case like this one, however, which involved Anthony Tucker's receipt and possession of child pornography. It made the facts underlying his prior lascivious-acts conviction, also a child-molestation offense, admissible at his trial. *See* Fed. R. Evid. 414(a).

I.

A Google Drive linked to two of Tucker's email accounts contained child pornography. He had listed one account in his sex-offender-registration paperwork. The other was a variation on his name and birthdate. Together, they raised red flags for Google and the Iowa agent who investigated him.

The contents of his Google Drive led to federal charges for possession and receipt of child pornography. *See* 18 U.S.C. § 2252A(a)(2), (a)(5)(B), (b)(1)–(2). At trial, the government played a video of Tucker's jailhouse interview. In it, he acknowledged "a situation" several years earlier with "a girl that was 13" that had "landed [him] on the sex[-]offender registry." Iowa court records showed that he pleaded guilty to committing lascivious acts with a child. *See* Iowa Code § 709.8(3) (2009).

Tucker's counsel objected, but the district court[1] allowed the jury to hear about what he did because it qualified as "child molestation" under Federal Rule of Evidence 414. At the conclusion of the trial, the jury found him guilty of both child-pornography counts. We apply a mixed standard of review: de novo for interpretive questions and abuse of discretion for the admit-or-not decision. *See United States v. Schave*, 55 F.4th 671, 677 (8th Cir. 2022).

II.

In most cases, allowing the jury to hear about a past crime is "out of bounds" unless it proves something other than a "propensity . . . to do the same thing again." *United States v. Vaca*, 38 F.4th 718, 721 (8th Cir. 2022); *see* Fed. R. Evid. 404(b). Child molestation, however, is different. *See United States v. Red Elk*, 132 F.4th 1100, 1108 (8th Cir. 2025) (Stras, J., concurring in the judgment). When "a

---

[1]The Honorable Leonard T. Strand, then Chief Judge, now United States District Judge for the Northern District of Iowa.

defendant is accused of [it], the court may admit evidence that [he] committed any other child molestation" and the jury "may . . . consider[] [it] on any matter to which it is relevant." Fed. R. Evid. 414(a). Propensity included. *See Schave*, 55 F.4th at 677.

Tucker's offenses involved child molestation. Although having child pornography can be a hands-off crime, it is "prohibited by 18 U.S.C. chapter 110," which places it within the eligible group of offenses. Fed. R. Evid. 414(d)(2)(B); *see* 18 U.S.C. § 2252A. The same goes for lascivious acts with a child, which in his case "involv[ed]" both "contact between any part of [his] body . . . and a child's genitals" and "contact between [his] genitals . . . and any part of a child's body." Fed. R. Evid. 414(d)(2)(C)–(D). According to the Iowa charging documents, he "pick[ed] up a 13[-]year[-]old juvenile female[,] . . . drove [her] to his room[,] . . . [and] used his penis to penetrate [her] vagina." (Capitalization omitted). On those facts, there is no question he "molest[ed]" her. Fed. R. Evid. 414(d)(2).

Unless our task is to zoom out and consider only the elements of the offense, which is the argument he makes here. Invoking what is known as the categorical approach, Tucker's theory is that it makes no difference what *he* did, just that it is *possible* to commit lascivious acts with a child without an act of molestation. *See United States v. Schneider*, 905 F.3d 1088, 1091 (8th Cir. 2018) (explaining that, under the categorical approach, "we must presume that the conviction rested upon nothing more than the least of the acts criminalized" (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013))).

Even if it is, it does not matter under Rule 414. For the categorical approach to apply, a provision typically must speak in terms of "convict[ions]." *Moncrieffe*, 569 U.S. at 191 (quoting 8 U.S.C. § 1227(a)(2)(A)(iii)); *see also Nijhawan v. Holder*, 557 U.S. 29, 34 (2009) (distinguishing statutes that "refer to the specific acts in which an offender engaged on a specific occasion" from those that "refer to a generic crime," which require a "categorical" approach). And often, though not always, there is a reference to the elements of a crime. *See United States v. Taylor*,

596 U.S. 845, 850 (2022); *see also, e.g.*, *Mathis v. United States*, 579 U.S. 500, 504, 511 (2016); *Descamps v. United States*, 570 U.S. 254, 261 (2013). One example is the "force" or "elements" clause of the Armed Career Criminal Act, which provides a longer sentence for those who illegally possess firearms and have "three previous *convictions*" that "ha[ve] as an *element* the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(1), (2)(B)(i) (emphasis added). When a provision speaks in terms of elements, it is those elements—and not the specific facts—that matter. *See Taylor*, 596 U.S. at 850.

Rule 414 has a different focus. It speaks in terms of "evidence." And not just any evidence, but other acts of child molestation, which it defines by the "conduct" involved and not the elements of the underlying offense. Fed. R. Evid. 414(a), (d)(2). It emphasizes actions, including, as relevant here, whether the prior incident "involv[ed] . . . contact between the defendant's genitals or anus and any part of a child's body."[2] *Id.*; *cf. Nijhawan*, 557 U.S. at 38, 40 (focusing on the facts of a particular case to determine whether an alien's conviction was for "an offense that . . . involve[d] fraud or deceit in which the loss . . . exceed[ed] $10,000" (emphasis omitted) (quoting 8 U.S.C. § 1101(a)(43)(M)(i))); *United States v. Hayes*, 555 U.S. 415, 421 (2009) (doing the same when a statute referred to "an offense . . . committed by" someone in a domestic relationship with the victim). The specific facts are what matter, which makes sense when dealing with the admissibility of evidence. *Cf. Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008) (recognizing that other evidentiary rules also "require[] . . . fact-intensive, context-specific inquir[ies]").

---

[2]These words also confirm that admissibility did not depend on slam-dunk proof or a conviction. The allegations listed in the charging documents, corroborated by Tucker's confession that he had been "with a girl [who] was 13," were "*evidence* that [he had] committed . . . child molestation" before. Fed. R. Evid. 414(a) (emphasis added); *cf.* Fed. R. Evid. 401 (defining relevant evidence). At that point, it became admissible, with the jury deciding whether to credit it. *See United States v. Sanchez*, 42 F.4th 970, 975 (8th Cir. 2022) (holding that Rule 414 evidence was admissible when "a reasonable juror could . . . infer" that the defendant had committed another child molestation).

We are not saying anything new. Just last year we held that charging someone with kidnapping two people did not make their "accus[ations] of . . . sexual assault" inadmissible. *United States v. Ahmed*, 119 F.4th 564, 567 (8th Cir. 2024) (citation omitted). At issue was a companion rule covering "other sexual assault[s]," which are also admissible for "any matter to which [they are] relevant." Fed. R. Evid. 413(a). We reasoned that "the charged offense involved *conduct*" that fit the definition, regardless of "how the charges ha[d] been drafted." *Ahmed*, 119 F.4th at 568 (emphasis added) (quoting *United States v. Foley*, 740 F.3d 1079, 1087 (7th Cir. 2014)). It supports our conclusion here: when propensity is the purpose, conduct is what matters.[3] *See id.* (discussing the "rationale" for the rule, which is "that a person who has engaged in the covered conduct is likely to engage in it again" (quoting *Foley*, 740 F.3d at 1087)).

## III.

District courts still have discretion to keep evidence out if the dangers from introducing it "substantially outweigh[]" its "probative value." Fed. R. Evid. 403; *see Schave*, 55 F.4th at 678. Here, the potential danger was "unfair prejudice." Fed. R. Evid. 403. Except the evidence against Tucker "[was] prejudicial . . . for the same reason it [was] probative": it showed he had a sexual attraction to young girls, having molested one before. *United States v. Gabe*, 237 F.3d 954, 960 (8th Cir. 2001); *see Red Elk*, 132 F.4th at 1109 (Stras, J., concurring in the judgment) (noting that "[p]ropensity may be *especially* relevant for sexual assaults and child molestations"). There is nothing "unfair" or "improper" about letting the jury draw the inference Rule 414 allows. *Ahmed*, 119 F.4th at 569; *see United States v.*

---

[3]The government makes its usual "kitchen-sink" argument that Tucker's lascivious-acts conviction is admissible for nearly every non-propensity reason imaginable. *United States v. Harrison*, 70 F.4th 1094, 1099 (8th Cir. 2023) (Stras, J., concurring in the judgment). Given our conclusion it is admissible as propensity evidence under Rule 414, we need not address whether it is really something else under Rule 404(b).

*Splettstoeszer*, 956 F.3d 545, 548 (8th Cir. 2020) ("[P]rejudicial Rule 414 evidence indicating the defendant's propensity to sexually exploit children is not, in itself, unfair.").

Nor was the risk of tarring Tucker with the "'stigma' of child sexual abuse" a reason to keep the evidence out. *United States v. LeCompte*, 131 F.3d 767, 770 (8th Cir. 1997). "[A]ll propensity evidence in [child-molestation] trials" is potentially stigmatizing, but Rule 403 balancing must reflect Rule 414's "intended effect," which is to allow it in these types of cases. *Id.* at 769–70; *see id.* at 770 (noting that "the evidence was previously excluded" because of concerns about juries punishing defendants for uncharged crimes, "and it is precisely such holdings that Congress intended to overrule"). Besides, even if the propensity inference was unusually strong here, the limiting instruction that Tucker was "on trial *only* for the offenses charged in the Indictment, and not for anything else," reduced the risk that the jury found him guilty for what he had done before. *See United States v. Emmert*, 825 F.3d 906, 909 (8th Cir. 2016) (noting that jury instructions can "temper[] the prejudicial effect of [propensity] evidence").

## IV.

We accordingly affirm the judgment of the district court.

_____